Laveta A. HIGGINBOTHAM, Plaintiff,

v.

UNITED IRON AND METAL COMPA-
NY, a corporation, Defendant.

Civ. A. No. 1831.

United States District Court
W. D. Missouri,
Southwestern Division.

April 24, 1964.

Graves & Graves, by Jerry P. Graves, Neosho, Mo., for plaintiff.

Wallace & Owens, Miami, Okl., Douglas & Douglas, by Herbert Douglas, Neosho, Mo., for defendant.

BECKER, District Judge.

Plaintiff in this removed diversity action, widow of Paul Higginbotham, deceased, sued the defendant Oklahoma corporation for the wrongful death of her late husband, the decedent. In substance the action claims that on October 4, 1962, defendant sold and delivered to the decedent in Seneca, Missouri, 210 pounds of drill steel at the blacksmith shop of decedent; that the drill steel contained therein a powerful explosive which was detonated while being worked by the decedent, causing his death.

The negligence charged in the petition included a claim of negligence of the defendant in failing to warn the decedent of the fact that the steel contained a dangerous explosive, when the steel was delivered.

The defendant maintained no agent or place of business in Missouri. Service was had on the defendant under Missouri's "Single Act" or "Single Tort" statute, Section 351.630, para. 2, RSMo, V.A.M.S., which provides for service upon the Secretary of State upon an undomesticated foreign corporation which commits a tort in whole or in part in Missouri provided the service is had in an action or proceeding growing out of the tort committed in whole or in part. Said Section 351.630, para. 2, is as follows:

"2. If a foreign corporation commits a tort, excepting libel and slander, in whole or in part in Missouri against a resident or nonresident of Missouri, such acts shall be deemed

*to be doing* business in Missouri by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of state of Missouri and his successors to be its agent and representative to accept service of any process in any actions or proceedings against the foreign corporation arising from or growing out of the tort. Service on the secretary of state of any such process shall be made by delivering to and leaving with him or with any clerk having charge of the corporation department of his office, duplicate copies of the process. The committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the state of Missouri."

Defendant has moved to quash the service of process and to dismiss this action for lack of jurisdiction to render an *in personam* judgment. The essence of its grounds for the motion is contained in these sentences from defendant's excellent supplemental brief:

"(C) Before the Act is applicable, it must appear that the foreign corporation sought to be subjected to suit thereunder, committed in whole or in part, a tort in the state of Missouri.

"The petition filed in this case clearly shows that the tort, the alleged wrongful act or the alleged wrongful omission of the defendant, if any, occurred and took place solely in Oklahoma."

This contention that the alleged tort was committed solely in Oklahoma is not well taken. The duty to warn continued at least up to the time that the defendant delivered the steel in Seneca, Missouri. Therefore both negligence (breach of duty) and injury occurred in Missouri. In other words, a tort was committed in Missouri if the averments of actual or constructive notice of the presence of the explosive is proved as alleged in the petition.

Defendant contends that the sale and delivery of the steel was completed in Oklahoma, that title passed there, and that the subsequent actual delivery was an accommodation without consideration. Assuming all this to be true (which plaintiff denies) the duty to warn nevertheless continued at least until actual delivery of the steel by defendant in Missouri. See definition of "suppliers" of chattels comment (c) Section 388 A.L.I., 2 Restatement of Torts; Mo.Anno. Sec. 388. And, on the question of the continuing duty to warn, compare Rogers v. White Metal Rolling and Stamping Co. (C.A.2) 249 F.2d 262, l. c. 264–65, *cert. denied*, 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 812; Comstock v. General Motors Corp., 358 Mich. 163, 99 N.W.2d 627, l. c. 634, 78 A.L.R.2d 449.

None of the cases relied upon by defendant involved breach of a duty to warn during an actual delivery of a dangerous article by the defendant to the plaintiff within the state where suit was brought. See Hellriegel v. Sears Roebuck & Co. (N.D.Ill.) 157 F.Supp. 718; George Monro Ltd. v. American Cyanamid & Chemical Corp. (1944) 1 K.B. 432; Mueller v. Steelcase, Inc. (D.C. Minn.) 172 F.Supp. 416; Mann v. Equitable Gas Co. (N.D.W.Va.) 209 F.Supp. 571.

There remains the question whether the defendant had such minimum contacts with Missouri that entertainment of this action in Missouri would not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, l. c. 102, 161 A.L.R. 1057.

Although the record establishes that the defendant has never had a place of business, office, sales agent or solicitor in the State of Missouri, and that defendant has not made contracts in Missouri, it is also established that on five

occasions since 1959, defendant (between June 22, 1960, and October 4, 1962) transported into Missouri materials purchased from defendant by plaintiff's decedent at Picher, Oklahoma, and unloaded the materials. In this delivery and unloading the defendant used a vehicle owned or controlled by it and an employee. On at least twenty-five other occasions materials sold by defendant have been delivered and unloaded by defendant in the same manner. Here again the defendant seeks to avoid the consequences of these acts by stating that the deliveries were made "at the request of customers." These acts are none the less contacts with the State of Missouri, done in the transaction of its business.

For the foregoing reasons, it is hereby

Ordered that the defendant's motion to dismiss or in lieu thereof to quash service of process be, and it is hereby, denied.