**Bernhardt W. KLIPPEL,
Plaintiff-Appellant,**

v.

**John WATKINS, Jr., et al.,
Defendants-Respondents.**

**No. 45965.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 31, 1984.

Motion For Rehearing and/or Transfer
to Supreme Court Denied
March 8, 1984.
Application to Transfer Denied
April 16, 1984.

Mason W. Klippel, St. Louis, for plaintiff-appellant.

John K. Greider, St. Louis, for defendants-respondents.

KAROHL, Presiding Judge.

Plaintiff-appellant Bernhardt W. Klippel, Jr., appeals from the dismissal of Count I of his two-count first amended petition as to defendant-respondent Virtus Cook only and the dismissal of Count II as to both defendants-respondents Cook and John Watkins, Jr. Count. I is still pending against Watkins. We affirm.

The petition alleged that Cook and Watkins, acting together, composed and published two libelous letters concerning plaintiff. Count I pleaded a letter dated and published on September 29, 1978, and Count II pleaded publication of a letter dated September 5, 1978.[1] The first amended petition was filed August 21, 1981, nearly three years after the alleged libels. The dismissals were based on the two-year statute of limitations for libel, § 516.140.[2] The original petition, filed February 6, 1979, was directed only to defendant Watkins and the September 29, 1978 libel.

---

1. The petition does not allege an exact date of publication of the September 5th letter.

2. All statutory references are to RSMo 1978.

■ Although none of the parties raised the issue, we have a duty to determine whether an appealable judgment was rendered. *Donnelly v. American Family Mutual Insurance Co.,* 652 S.W.2d 744, 744–45 (Mo.App.1983). The court below designated the dismissal orders final and appealable under Rule 81.06, but this designation is not conclusive. *Shell v. Shell,* 605 S.W.2d 185, 189 (Mo.App.1980). The right of appeal is statutory, *Moreland v. State Farm Fire and Casualty Co.,* 620 S.W.2d 24, 25 (Mo.App.1981), and the appeal may be taken only from a final judgment. § 512.020. One may appeal from a partial dismissal designated as final if it constitutes a distinct "judicial unit", a judgment which terminates the action as to that claim. *Lipton Realty, Inc. v. St. Louis Housing Authority,* 655 S.W.2d 792, 793 (Mo.App.1983); *Shell v. Shell,* 605 S.W.2d at 191.

■ Count I was dismissed only as to one of two defendants. Generally a trial court may designate as final an order completely dismissing a claim against one party in a multiple-party suit. *Spires v. Edgar,* 513 S.W.2d 372 (Mo. banc 1974); *Allen v. Salina Broadcasting, Inc.,* 630 S.W.2d 225, 226 (Mo.App.1982). Although both defendants here, unlike *Spires* and *Allen,* allegedly committed the same acts, i.e., jointly composing and publishing a libelous letter, the statute of limitations defense for which the count was dismissed was only available to Cook. We find the complete dismissal of Cook on Count I because of the statute of limitations constituted a distinct judicial unit over which we have jurisdiction.[3] Count II alleged a separate wrong and separate damages. Dismissal of that entire count, designated as final and appealable, was also a "judicial unit" which we may review.

■ A plaintiff has two years from the date of publication to sue for libel. § 516.-140; *see State ex rel. Allen v. Barker,* 581 S.W.2d 818, 821 n. 2 (Mo. banc 1979).

Plaintiff concedes that more than two years elapsed after the alleged libels in 1978 until he filed his first amended petition on August 21, 1981. However, he also pleaded that "defendants deliberately, willfully, and maliciously did conspire" with each other to hide the true authorship of the documents and contends here that this tolled the statute of limitations. The burden of proof is on the party alleging facts to avoid the running of the statute. *Scanlon v. Kansas City,* 325 Mo. 125, 28 S.W.2d 84, 92 (banc 1930).

■ The facts alleged in plaintiff's petition do not indicate Watkins' identity was concealed from plaintiff. Incorporated into the petition is the September 5, 1978 letter with a cover sheet dated September 6, 1978. The cover sheet is addressed to plaintiff, apparently bears Watkins' signature and address, and refers to the allegedly libelous letter attached. Rather than concealing his identity from plaintiff, Watkins gave plaintiff good reason to believe he had written the letter. Count II against Watkins was barred by the statute of limitations.

■ The petition alleges that because of a conspiracy between Watkins and Cook plaintiff did not know of Cook's possible involvement in either libel until August 30, 1979, less than two years before the first amended petition was filed. We are asked to determine whether such allegations, if proven, would toll the statute. The statute of limitations may only be tolled by specific disabilities or exceptions enacted by the legislature, and we cannot extend these exceptions. *Neal v. Laclede Gas Co.,* 517 S.W.2d 716, 719 (Mo.App.1974). The legislature has enacted § 516.280, which states the following:

> If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the

---

**3.** We need not decide whether, where allegations against both defendants are the same, dismissal of one defendant on a ground possibly available to both could be made final for purposes of appeal.

commencement of the action shall have ceased to be so prevented.

■ Section 516.280 is statutory authority for the proposition that fraudulently concealing a cause of action tolls the statute of limitations. *Smile v. Lawson,* 435 S.W.2d 325, 327 (Mo. banc 1968). Defendants here, however, even if we take plaintiff's allegations as true, did not "prevent the commencement of an action." Plaintiff was aware of his cause of action and knew of one of the defendants. He could have sued Watkins on both counts and sought the identity of other defendants through discovery.[4] There are no Missouri cases on point, but the general rule in other jurisdictions is that where a defendant fraudulently conceals his or her identity, rather than concealing the existence of the cause of action itself, the statute of limitations is not tolled. 51 Am.Jur.2d *Limitation of Actions* § 148 (1970); 54 C.J.S. *Limitation of Actions* § 206e (1948); *International Brotherhood of Carpenters and Joiners of America, Local 1765 v. United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local No. 803,* 341 So.2d 1005, 1006 (Fla. App.1976); *Staples v. Zoph,* 9 Cal.App.2d 369, 49 P.2d 1131, 1131 (1935).[5]

We follow the general rule in this case and find that any concealment of Cook's identity did not toll the statute of limitations. Counts I and II were properly dismissed as to him.

Judgment affirmed.

REINHARD and CRANDALL, JJ., concur.

---

**4.** Plaintiff alleged that he attempted to find other defendants through questioning Watkins in another case. We have no basis to believe, however, that Watkins was obligated to answer questions in that suit regarding this case. Nor do we have reason to believe that prompt discovery procedures in this case would not have uncovered Cook's involvement within the limitations period.

**5.** Some courts have found an exception to this rule where, unlike here, the tortfeasor has an independent statutory duty to reveal his identity. See cases cited at 341 So.2d at 1006 n. 1.