**Harriett SCHWENKER, and Jack F. Schwenker, Attorney-in-fact for Harriett Schwenker, Plaintiffs,**

v.

**ST. LOUIS COUNTY NATIONAL BANK, Defendant and Third Party Plaintiff,**

v.

**Jack H. SCHWENKER, Jr., Third Party Defendant,**

and

**Highlands Insurance Company, Intervenor Defendant and Third Party Plaintiff-Appellant,**

v.

**ADDISON STATE BANK, Third Party Defendant-Respondent.**

No. 48432.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 11, 1984.

Mark L. Kaltenrieder, St. Louis, for Addison State Bank.

Morris K. Ebeling, Clayton, for plaintiffs.

Robert W. Ehrig, St. Louis, for St. Louis County Bank.

Francis L. Kenney, III, Clayton, for Highlands Ins. Co.

SIMON, Presiding Judge.

Appellant Highlands Insurance Company (Highlands) appeals from an order of the trial court dismissing without prejudice Highlands' third party petition against respondent Addison State Bank (Addison) for lack of personal jurisdiction over Addison. We dismiss the appeal.

In 1977, St. Louis County National Bank (County Bank) issued a $21,000 certificate of deposit bearing the names "Harriett S. Schwenker or Jack H. Schwenker, Jr." Jack H. Schwenker, Jr. is the grandson of Harriett S. Schwenker who claims she has, at all times, had possession of the certifi-cate of deposit issued by County Bank. Grandson, a Texas resident, obtained a $21,000 lost securities bond from Highlands, also in Texas, in favor of County Bank upon his representation that the original certificate of deposit issued and in the possession of his grandmother had been mislaid. After presenting the lost securities bond to County Bank in January 1980, grandson obtained a replacement certificate of deposit from County Bank issued in the same names as the original certificate of deposit. Grandson then assigned the replacement certificate of deposit to Addison, a Texas bank, in payment of a debt incurred in Texas by grandson and owed to Addison. Addison forwarded the certificate of deposit signed by grandson in a letter dated November 12, 1980, to County Bank for cashing. On November 24, 1980, County Bank cashed the certificate of deposit and sent Addison a cashier's check for $20,322.20 payable to Addison for the grandson. The check was returned through the banking system for final payment.

Plaintiffs Harriett S. Schwenker and Jack Schwenker, her attorney-in-fact, sued County Bank on January 25, 1982, claiming she has retained possession of the original certificate of deposit issued and that County Bank negligently issued and gave the replacement certificate of deposit to her grandson. County Bank then filed its third party petition against grandson. Highlands subsequently intervened as a defendant. Upon intervention, Highlands filed separate third party petitions against grandson and Addison. While County Bank obtained service of process on its third party petition against grandson who defaulted thereon, the record on appeal does not reflect if grandson was served with Highlands' third party petition against him. Addison timely filed its motion to dismiss for lack of personal jurisdiction supported by an affidavit and memorandum. Highlands filed a memorandum in opposition but no counter affidavits. The trial court dismissed Highlands' third party petition against Addison for lack of person-

al jurisdiction, and later designated its order of dismissal as final pursuant to Rule 81.06.

On appeal, Highlands contends the trial court erred in granting the motion to dismiss for lack of personal jurisdiction over Addison, a non-resident of Missouri. Highlands argues that § 506.500 RSMo 1978, Missouri's "long arm" statute, should be construed to include Addison within its reach. Highlands argues that Addison committed a tortious act in Missouri subjecting it to Missouri's jurisdiction under subsection (3) of the "long arm" statute which reads in pertinent part as follows:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(3) The commission of a tortious act within this state; ...

Section 506.500.1(3) RSMo 1978.

Highlands protracts its argument adding that to permit the dismissal of Addison who, as assignee and agent of the principal wrongdoer, the grandson, has received the $20,322.20 funds from the certificate of deposit, is to countenance Addison's unjust enrichment and thwarts "complete justice." Addison responds Missouri did not acquire personal jurisdiction over Addison because the requirements of § 506.500 RSMo 1978, Missouri's "long arm" statute, were not met and Addison lacked sufficient minimum contacts with the State of Missouri.

■■■ Although none of the parties have raised the issue, we have the duty *sua sponte* to determine whether an appealable judgment was rendered. *Klippel v. Watkins,* 667 S.W.2d 28, 30[1] (Mo.App.1984). The court below designated the dismissal order final and appealable under Rule 81.06, but this designation is not conclusive. *Id.* [2]. The right of appeal is statutory, and an appeal may be taken only from a final judgment. *Id.* [3]. Section 512.020 RSMo 1978. In this connection, a dismissal for lack of personal jurisdiction is, by the terms of the statute § 510.150 RSMo 1978 and Rule 67.03, without prejudice unless the order of dismissal finally adjudicates the claim of Highlands against Addison. If the motion to dismiss effectively attacks the petition's failure to state a claim for relief, Rule 55.27(a)(6), the sustaining of such a motion will constitute a final judgment from which an appeal may be taken because the trial court is disposing of the claim on its merits; on the other hand, an order quashing the service for lack of jurisdiction or venue is not a final appealable order or judgment. *Empiregas, Inc. v. Hoover Ball & Bearing Co.,* 507 S.W.2d 657, 660 (Mo.1974); *Continent Foods Corp. v. National-Northwood, Inc.,* 470 S.W.2d 315, 317[1, 2] (Mo.App.1971).

■■■ The only issue litigated by the trial court was whether the statutory requirement of § 506.500.1(3) RSMo 1978, Missouri's "long arm" statute, was met in order to confer personal jurisdiction over Addison. Beyond this threshold determination, the trial court never addressed or disposed of Highlands' petition against Addison on its merits. The trial court's dismissal for lack of personal jurisdiction operates no differently than an order to quash service for lack of jurisdiction which is not a final judgment from which an appeal will lie. *Continent Foods Corp.,* 470 S.W.2d at 317. Such an order is properly challenged by extraordinary writ. *See State ex rel. Metal Service Center of Georgia, Inc. v. Gaertner,* 677 S.W.2d 325 (Mo. banc 1984); *State ex rel. Caine v. Richardson,* 600 S.W.2d 82, 83 (Mo.App.1980).

Appeal dismissed.

STEWART and STEPHAN, JJ., concur.