**ANDERSON TRUCKING SERVICE, INC., Relator,**

v.

**The Honorable Brendan RYAN, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.**

No. 54002.

Missouri Court of Appeals, Eastern District, Division Three.

March 15, 1988.

Joseph Scott Rubin, Ebert, Menees, & Kriegel, Clayton, for relator.

James F. Koester, St. Louis, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

KAROHL, Judge.

We granted a Provisional Writ in Prohibition on the petition of relator Anderson Trucking Service, Inc., a Minnesota corporation with a principal place of business in St. Cloud, Minnesota. Relator has no office, terminal, agent or employee in the State of Missouri. It is a defendant in the case of *Winkelmann v. Anderson Trucking Service, Inc.*, Cause No. 872–01519, now pending before respondent circuit judge. The issue is whether respondent has personal jurisdiction of the lawsuit for personal injuries sustained by Winkelmann when her vehicle was struck in the rear by a truck operated for Anderson. The collision occurred in Austin, Texas, on March 1, 1986. On undisputed facts we have concluded that respondent does not have jurisdiction over relator and make the preliminary writ absolute.

Anderson contends respondent circuit judge exceeded his jurisdiction in denying relator's motion to dismiss for lack of personal jurisdiction. It appears respondent so ruled on the basis of venue statute, Section 508.070 RSMo 1986. However, respondent here supports the ruling on the basis of Section 508.070.1, the long-arm statute, and factual compliance with constitutional due process clauses.

█ It is settled that relator's motion placed the burden of pleading and proof of jurisdiction upon plaintiff. *State ex rel. Ranni Assoc. v. Hartenbach*, 742 S.W.2d 134, 137 (Mo. banc 1987). This includes proof that the cause of action arose out of an activity covered by the long-arm statute and that defendant had sufficient minimum contacts with Missouri to satisfy due process requirements. *Id.* at 137.

The only contact of Anderson with the State of Missouri alleged in the petition is as follows:

That defendant has applied and obtained from the Public Service Commission a Certificate of Public Convenience and Necessity and Interstate Permit No. T–12119 for the Anderson Trucking Service, Inc. for transportation services to be performed as a common carrier in interstate commerce on the public highways of this state including the City of St. Louis, Missouri, and is, therefore, subject to service of process in the City of St. Louis, Missouri, as provided by RSMO[sic] 508.070.

Relator filed a Motion to Dismiss on the grounds that the accident giving rise to the cause of action occurred in Texas; plaintiff is a resident of Fenton, Missouri; relator's driver is a resident of Fort Myers, Florida; Anderson is a Minnesota corporation and its only nexus with the State of Missouri is that it holds a permit from the Missouri Public Service Commission for transportation services to be performed within the State of Missouri "but the rendition of said

services within Missouri is in no way related to the vehicular accident at issue." The motion directed respondent circuit judge's attention to the fact that Section 508.070 RSMo 1986 mentioned in the petition for personal injuries is a venue statute, not a jurisdiction statute. Plaintiff Winkelmann filed an affidavit reciting the permit number from the Division of Transportation of the State of Missouri which confirms that Anderson is registered as an interstate carrier and is therefore subject to jurisdiction in the City of St. Louis as provided by Section 508.070 RSMo 1986.

Before this court respondent acknowledges that Section 508.070 RSMo 1986 is a venue statute which does not serve to confer jurisdiction before a Missouri court. The contention in this court is that respondent has jurisdiction under Missouri's long-arm statute, Section 506.500 RSMo 1986, and that Anderson has sufficient minimum contact with the State of Missouri so as not to offend due process considerations. Respondent relies on Section 506.500.1(1) RSMo 1986 which confers jurisdiction on a nonresident who transacts business within the State of Missouri.

We first note that the petition does not allege that Anderson ever used the Certificate of Public Convenience and Necessity and the Interstate Permit by operating motor vehicles on the highways of the State of Missouri. It does not allege that the truck involved in the accident in Austin, Texas, traveled through the State of Missouri to the point of casualty. In a motion filed in the trial court relator states that the accident took place during a trip between Huntington, Indiana and San Antonio, Texas. However, relator has stated to this court its trucks occasionally use Missouri highways.

We also note that our Supreme Court has rejected an "effects" argument to support jurisdiction when a Missouri resident is affected by injuries sustained in another state. It held injury alone is insufficient to satisfy the due process requirement of minimum contacts with Missouri so as to subject Anderson to in personam jurisdiction. *State ex rel. Sperandio v. Clymer,* 581

S.W.2d 377, 383 (Mo. banc 1979) [Sperandio II]. A financial loss of a Missouri resident as a result of relator's out-of-state activities does not make relator amenable to the courts of this state. *State ex rel. Ranni Assoc. v. Hartenbach,* 742 S.W.2d at 138.

Relator acknowledges in its brief that its trucks and drivers occasionally pass through Missouri on Missouri highways. There is no allegation in the petition nor is there any recognition that Anderson makes deliveries in the State of Missouri which acts may satisfy minimum contact requirements. *See, Higginbotham v. United Iron and Metal Company,* 228 F.Supp. 513 (W.D.Mo.1964). The petition premises jurisdiction solely on the ground that Anderson has a Certificate of Public Convenience and Necessity and an Interstate Permit for transportation services performed by a common carrier in interstate commerce.

We find that the allegation of possession of certificate and permit is not a sufficient minimum contact with the State of Missouri to make it fair to require defense of the action in this state. Possession of the permit, even with an acknowledgment that it is occasionally utilized, does not satisfy due process considerations. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). We need not decide whether the result would be otherwise if there were an allegation, supportable by proof, that the trip involving the casualty incidentally included operation of Anderson's truck through the State of Missouri. The petition does not allege such facts. What is alleged is insufficient to make it reasonable for Missouri to acquire jurisdiction over Anderson. Nor does relator concede the trip involved passage through Missouri.

The provisions of Section 506.500.-1(1) RSMo 1986 extend long-arm jurisdiction to a nonresident who does any of the acts enumerated in this Section "as to any cause of action arising from the doing of any of such acts...." By its terms the statute precludes the exercise of in personam jurisdiction over relator on the basis of the petition. The petition does not allege

any acts on the part of relator from which the cause of action arose. Transitory, incidental, unrelated acts involving the State of Missouri or its residents are insufficient. *International Shoe*, 326 U.S. at 317, 66 S.Ct. at 158 (1945). *See, Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 445–446, 72 S.Ct. 413, 418–419, 96 L.Ed. 485 (1952). Activities which satisfy the provisions of Section 506.500.1(1) must also be the basis of plaintiff's cause of action. *State ex rel. Bank of Gering v. Schoenlaub*, 540 S.W.2d 31, 35 (Mo. banc 1976). Transitory or incidental activities within the forum state but which are essentially interstate have been held insufficient. *M & D Enterprises, Inc. v. Fournie*, 600 S.W.2d 64, 68 (Mo.App.1980); *Scullin Steel v. National Ry. Utilization Corp.*, 676 F.2d 309, 312–314 (8th Cir.1982).

In *State ex rel. Newport v. Wiesman*, 627 S.W.2d 874 (Mo. banc 1982) the court considered the scope of Section 506.500.1 RSMo 1978 in dealing with a motion to dismiss or quash service on the basis that relator was not subject to personal jurisdiction under that Section. We first note that the court observed, "[s]ince the sole basis for Beech's motion was that the service was improper, the proper order for the trial court to have made if it found service improper was an order to quash that service." *Id.* at 876. *Newport* is helpful in the present case not because of what it decided but because of the approach or procedure followed by the opinion. The court deferred due process considerations in favor of a primary duty to determine whether the requirements of Section 506.500.1 had been met. The court defined its duty as an inquiry "whether the cause of action at issue in the underlying case arose either from 'transaction of any business within this state' by Beech, Section 506.500.1(1), or from 'commission of a tortious act within this state by Beech' [Beech Aircraft Corporation, nonresident defendant]." *Id.* at 877. The court found that defendant Beech Aircraft Corporation was subject to jurisdiction of Missouri courts with respect to the cause of action brought by plaintiff because it held conferences in Missouri contributing to eventual agreements on mar-

keting and a franchise agreement with the Missouri corporation pursuant to which the franchisee Missouri Corporation did business here. This, the court found, was the transaction of business in Missouri within the meaning of Section 506.500.1(1) RSMo 1978. The underlying lawsuit was grounded on strict liability in tort for the manufacturer of a defective airplane which crashed on take off in Georgia. The court also found requisite "minimum contacts" with Missouri based on available facts that Beech sold aircraft to consumers in Missouri and was required to provide warranty service through franchise arrangements. Beech also employed a person residing in Missouri. The facts in *Newport* are in stark contrast with the pleading and facts in the present case or the application of Section 506.500.1(1) and in consideration of due process minimum contact. The present facts are comparable with those considered in *State ex rel. Ranni Assoc. v. Hartenbach*, 742 S.W.2d 134, 139 (Mo. banc 1987).

■ Prohibition is a proper remedy to prevent a court from acting in excess of jurisdiction. *State ex rel. Ranni Assoc. v. Hartenbach*, 742 S.W.2d at 137; *State ex rel. McDonnell Douglas v. Gaertner*, 601 S.W.2d 295, 296 (Mo.App.1980).

Respondent circuit judge is without jurisdiction over relator. Respondent is prohibited from proceeding further in the case of Winkelmann vs. Anderson Trucking Service, Inc., except in the entry of an order quashing service. *State ex rel. Newport v. Wiesman*, 627 S.W.2d at 876. The provisional writ in prohibition is now made absolute.

SMITH and KELLY, JJ., concur.