Pete J. ABBATE, et al., Appellants,

v.

Anthony TORTOLANO, et al.,
Respondents.

No. WD 41840.

Missouri Court of Appeals,
Western District.

Jan. 16, 1990.

Rhonda S. Loeppke, Lee's Summit, for appellants.

Jeffrey Alan Burns, Kansas City, for respondents.

Before NUGENT, C.J., FENNER, J., and SOLBERT M. WASSERSTROM, Senior Judge.

FENNER, Judge.

The appellants herein are Peter J. Abbate and his wife Mary Abbate. This appeal arises from rulings by the trial court that appellants' action against Respondent Warfield Electric Company is barred by the applicable statute of limitations, § 516.120, RSMo 1986, and that appellants failed to comply with the requirements regarding substitution of a defendant following a filing of suggestion of death, Rule 52.13(a)(1), and failed to obtain personal jurisdiction over defendant Tortolano.

The underlying cause of action originates from an automobile accident occurring June 6, 1980, involving appellant Peter Abbate and Anthony Tortolano.[1] Appellants' petition was filed May 23, 1985, approximately two weeks before the applicable five year statute of limitations was to run. Respondent Charles Mindermann was served June 13, 1985, after the time for commencement of the action had run.

The claim against Mindermann was based on vicarious liability arising out of his alleged status as Tortolano's employer.

Mindermann moved to dismiss for lack of personal jurisdiction on October 24, 1985, filing a supporting affidavit stating that he was a co-employee with Tortolano at Warfield Electric Company (Warfield Electric). On March 12, 1986, appellants moved for leave to file an amended petition, substituting Warfield Electric as a party. The motion to file an amended petition was granted on March 28, 1986. Appellants' amended petition, naming Warfield Electric, was filed on July 29, 1986. Warfield Electric thereafter was granted summary judgment on its defense of the statute of limitations on December 22, 1986.

On May 4, 1988, Warfield Electric, as a former defendant and interested person, filed Suggestions of Death of a named, but unserved defendant, stating that Anthony Tortolano was then deceased and that service had never been procured upon him. Warfield Electric argued that the court did not have jurisdiction over Tortolano. On June 28, 1988, the court ruled that there was no jurisdiction over Tortolano. The court ruled that service of process was insufficient for failure to personally serve Tortolano with summons and petition, and that return of service had not been properly certified.

In their first point appellants argue that the trial court erred in granting summary judgment and ruling that their claim against Warfield Electric was barred by the statute of limitations. Appellants argue that their claim against Warfield Electric relates back to the date of filing of their claim against Charles Mindermann and that the issue of the statute of limitations is barred by res judicata due to an order of the court entered on March 28, 1986.

Appellate review of an order granting summary judgment is made in light of the entire record construed in a light most favorable to the party against whom summary judgment was entered. *Roberts Fertilizer, Inc. v. Steinmeier,* 748 S.W.2d 883, 886 (Mo.App.1988). The review is the same as an equity proceeding, and if, as a matter of law, the judgment is sustainable on any

1. Appellant Mary Abbate's action is a derivative    action for loss of consortium.

theory, the trial court will be sustained. *Id.*

Rule 55.33(c) addresses relation back of amended pleadings. When Warfield Electric was granted summary judgment on December 22, 1986, and at all relevant times herein, Rule 55.33(c), Missouri Rules of Court, 17th Edition, 1986 [2], provided as follows:

> **(c) Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Rule 55.33(c) establishes three requirements, each of which is required to be met if an amended pleading is to relate back. *Home Building Corp. v. Ventura Corp.*, 568 S.W.2d 769, 771–72 (Mo. banc 1978). The first requirement, that the claim must arise out of the conduct or occurrence set forth in the original petition, is not in dispute. The second requirement is that the party to be brought in by amendment must have received such notice of the institution of the action within the period provided by law for commencing the action against him so that he will not be prejudiced in maintaining his defense on the merits. *Id.* at 772. The third requirement is that the party to be joined knew or should have known, within the period provided by law

for commencing the action against him, that but for a mistake concerning the identity of the proper party, the action would have been brought against him. *Id.* at 772; Rule 55.33(c).

There is no evidence in the record that Warfield Electric received any notice of the institution of the action within the time provided for commencing the action by the applicable statute of limitations, § 516.120, RSMo 1986. Appellants explain that they initially sued Mindermann as Tortolano's employer and not Warfield Electric because Mindermann was listed on the accident report, by the police officer investigating the accident, as the owner of the vehicle driven by Tortolano. Appellants argue since Mindermann was actually Tortolano's supervisor at Warfield Electric that when Mindermann was sued Warfield Electric had notice of the action. Appellants argue further that since Warfield Electric and Mindermann had the same attorney this shows that Warfield Electric had notice of the action.

Controlling herein is that Mindermann was not served with notice of the action until after the period for commencing the action had expired. This did not affect the validity of service against Mindermann because a petition is not subject to dismissal upon statute of limitations grounds if it is filed within the statutory limitations period, even though summons is not served upon the defendant until after the expiration of the limitation period, as long as the plaintiff exercises due diligence in obtaining service of summons. *Wriedt v. Charlton*, 689 S.W.2d 788, 789 (Mo.App. 1985). Even though service on Mindermann was valid it cannot relate back as against Warfield Electric pursuant to Rule 55.33(c) in this case.

On December 22, 1986, when the circuit court granted summary judgment in favor of Warfield Electric, Rule 55.33(c) was identical to Federal Rule of Civil Pro-

---

**2.** All references to Rule 55.33(c) are to the Missouri Rules of Court, 17th Edition, 1986, unless otherwise specifically stated. Rule 55.33(c) Missouri Rules of Court, Twentieth Edition 1989, as currently in effect, requires that the party

sought to be named in the action must be served with notice of the action. This amendment to Rule 55.33(c) did not become effective until January 1, 1987, and it has no application to this appeal.

cedure 15(c). See *Watson v. E.W. Bliss Co.*, 704 S.W.2d 667, 670 (Mo. banc 1986); *Want v. Leve*, 574 S.W.2d 700, 712 (Mo. App.1978). When Missouri adopts a federal rule, the federal rule law construing the rule is strong persuasive authority. *Griffin v. State*, 684 S.W.2d 425, 427 (Mo.App. 1984).

In *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the United States Supreme Court held that an attempted amendment to change parties did not relate back to the original filing where the original complaint was not served within the statutory period. The court found that under these circumstances any imputed notice to the amended party necessarily took place after the statute of limitations had run. The Court stated: "The linchpin is notice, and notice within the limitations period." 477 U.S. at 31, 106 S.Ct. at 2385.

Since Mindermann himself did not receive notice until after the period for commencing the action had expired, notice to Mindermann cannot establish the requisite notice to Warfield Electric as required under Rule 55.33(c) for relation back of amendments. Lacking evidence to meet the second and third requirements for an amended pleading to relate back, appellants' argument in this regard is denied.

Appellants argue next that the trial court erred in ruling that their claim against Warfield Electric was barred by the statute of limitations because that issue had already been decided by the trial court and was res judicata.

Appellants' argument is premised on the fact that on March 12, 1986, they applied for leave to amend their petition to substitute Warfield Electric for Mindermann. Appellants argue that "[i]n their suggestions in support of their application [to substitute Warfield Electric for Mindermann], they raised the issue of whether the statute of limitations barred the substitution." Appellants state that Warfield Electric addressed this issue and the court granted their application allowing Warfield Electric to be substituted. From this appellants argue that the question of whether or not their claim against Warfield Electric is barred by the statute of limitations is res judicata.

Res judicata is defined as a matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment. Black's Law Dictionary, 1174 (5th Ed.1979). Res judicata precludes the same parties, or their privies, from relitigating the same cause of action. *Nelson v. Missouri Division of Family Services*, 688 S.W.2d 28, 30 (Mo.App.1985). The doctrine of res judicata has no application until a matter has become final so as to become the law of the case. To hold otherwise would deny a trial court the opportunity to reconsider any issue in the course of litigation.

In the case at bar the court did not address the issue of the statute of limitations in its order allowing Warfield Electric to be substituted as a party, but, even if the issue had been specifically addressed, the court would not be barred from reconsidering its order as long as the court retained jurisdiction in the cause.

Appellants' final point is that the trial court erred in ruling that service of process against Anthony Tortolano was insufficient to confer personal jurisdiction over him and that the court erred in dismissing appellants' claim against Tortolano for failure to substitute a deceased party under Rule 52.-13.

Dismissal for lack of personal jurisdiction is not a final judgment from which an appeal will lie. *Schwenker v. St. Louis County National Bank*, 682 S.W.2d 868, 870 (Mo.App.1984). The right of an appeal is statutory, and an appeal may be taken only from a final judgment. In this connection, a dismissal for lack of personal jurisdiction is by the terms of the statute § 510.150, RSMo 1986 and Rule 67.03, without prejudice unless the order of dismissal finally adjudicates the claim. *Id.* An order dismissing a suit for lack of personal jurisdiction is properly challenged by extraordinary writ but not by appeal. *Id.*

Where a claim is dismissed without prejudice, it is not appealable as a final judg-

ment. *J & H Gibbar Construction Co., Inc. v. Adams,* 750 S.W.2d 580, 586 (Mo. App.1988).

The court's order herein dismissing for failure to substitute a deceased party was specifically designated as being without prejudice and, therefore, it is not appealable as a final judgment.

The judgment of the trial court is affirmed.

All concur.