**Gregory GOHLSTON, Appellant,**

v.

**Michelle LIGHTFOOT, et al., Respondents.**

**No. WD 44854.**

Missouri Court of Appeals, Western District.

Jan. 7, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied April 21, 1992.

Stanley Loris Wiles, Kansas City, for appellant.

Martin Matthew Montemore, Kansas City, for respondents.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

FENNER, Judge.

Appellant, Gregory Gohlston, appeals an order sustaining a Motion to Dismiss in favor of Rosemeri Dunwiddie and denying a First Amended Petition seeking to add Scott Dunwiddie as a party-defendant.

The circumstances giving rise to the underlying cause of action arose out of an automobile collision. According to the petition filed on April 8, 1989, (original petition), a vehicle driven by Mr. Gohlston was stopped at an intersection on a public thoroughfare in Johnson County, Kansas, when it was struck by a vehicle owned by Rosemeri Dunwiddie, a resident of Johnson County, Kansas. The petition also alleged that the vehicle was struck by another automobile driven by Michelle Lightfoot and that because of the negligence and carelessness of both Lightfoot and Dunwiddie, Mr. Gohlston suffered personal injuries and property damage.

Mr. Gohlston filed his petition in the Circuit Court of Clay County, Missouri, on February 21, 1990, against Rosemeri Dunwiddie and Michelle Lightfoot. Ms. Dunwiddie and Ms. Lightfoot each filed a Special Appearance responding to Mr. Gohlston's petition. On July 10, 1990, Ms. Lightfoot filed a Motion to Dismiss which was subsequently overruled. On April 26, 1991, Ms. Dunwiddie filed a Motion to Dismiss, or alternatively, Motion for Summary Judgment, with accompanying Suggestions alleging lack of subject matter jurisdiction, lack of personal jurisdiction and that she was not a proper party to the lawsuit. Personal service had been made on Ms. Dunwiddie in the State of Kansas presumably under the authority of the Missouri Long Arm Statute, § 506.500, RSMo 1986.

On May 7, 1991, Mr. Gohlston filed a Motion to be Allowed to File a First Amended Petition. The First Amended Petition for Damages requested that Scott Dunwiddie be made a party defendant for the reason that it was Scott and not Rosemeri Dunwiddie who was driving the vehicle that struck Mr. Gohlston. On May 10, 1991, the court issued an order dismissing the petition as to Rosemeri Dunwiddie finding that it lacked subject matter and personal jurisdiction as to her. The order also denied the Motion to File a First Amended Petition finding that said petition made the same allegations as to residency as did the original Petition for Damages.

Mr. Gohlston filed his Notice of Appeal to this court. On June 5, 1991, Mr. Gohlston filed a Motion in the Circuit Court requesting the court to reconsider its order of May 10, 1991, which dismissed Rosemeri Dunwiddie and denied the Motion to File a First Amended Petition. Alternatively, in this motion, Mr. Gohlston requested that the court make an express determination pursuant to Rule 74.01(b) that there exists no just reason to delay, essentially designating the order as final for purposes of appeal. Ms. Dunwiddie filed a response to this motion, stating in relevant part, that she is and always has been, a Kansas resident, that the accident occurred in Kansas, that she was served in Kansas and was not found in Missouri, and thus, the court was correct in determining there was no personal jurisdiction over her. The response to Mr. Gohlston's motion also stated that the same circumstances for personal jurisdiction exist as to Rosemeri Dunwiddie's son, Scott Dunwiddie, in that Scott Dunwiddie is and always has been, a resident of Kansas and was not found in Missouri for service of process.

On June 12, 1991, the circuit court issued an Order pursuant to Rule 74.01(b), finding the Order of May 10, 1991, to be a final and appealable Order. The court made the express determination that there was no just reason to delay the Order of May 10, 1991.

On appeal, Mr. Gohlston presents two points. In point one, he argues that the

trial court erred, as a matter of law, in sustaining Rosemeri Dunwiddie's Motion for Summary Judgment because under current law, the Clay County Circuit Court had jurisdiction over Rosemeri Dunwiddie. It will be assumed for purposes of appeal that Mr. Gohlston has mistakenly characterized the challenged motion as a Motion for Summary Judgment and intended instead to challenge the order of the circuit court granting Ms. Dunwiddie's Motion to Dismiss. There is nothing in the record to indicate that the circuit court made any ruling on Dunwiddie's Motion for Summary Judgment. The record reflects that the court acted instead on the alternative request for dismissal.

The initial inquiry which must be made concerns the finality of the portion of the order dismissing the original petition as to Rosemeri Dunwiddie on the basis of a lack of personal jurisdiction.

■ It appears, as to this issue, that finality for purpose of appeal turns on whether, under the circumstances of the case, the dismissal adjudicates the case and refiling of the petition would be a futile act. Under factually similar circumstances, the court in *Schwenker v. St. Louis County Nat. Bank*, 682 S.W.2d 868 (Mo.App.1984), dismissed the appeal pursuant to § 506.500.1(3), RSMo 1986, where a petition had been dismissed for lack of personal jurisdiction in an action against a non-resident defendant. Although the trial court had designated the order as final, this court, sua sponte, considered the appealability issue and stated the following:

> The trial court's dismissal for lack of personal jurisdiction operates no differently than an order to quash service for lack of jurisdiction which is not a final judgment from which an appeal will lie. Such an order is properly challenged by extraordinary writ. (citations omitted) p. 870.

Also, in *Abbate v. Tortolano*, 782 S.W.2d 810 (Mo.App.1990), this court reiterated the rule of *Schwenker*. The *Abbate* case arose out of a dismissal for failure to obtain personal jurisdiction due to a deficiency of compliance with substitution of a defendant following a suggestion of death. Under those circumstances, this court stated that a dismissal for lack of personal jurisdiction is not final, and is properly challenged by extraordinary writ, but not by appeal. *Id.* at 813.

However, in *Dillaplain v. Lite Industries, Inc.*, 788 S.W.2d 530 (Mo.App.1990), this court was faced with a motion to dismiss the appeal because the order of the trial court which quashed service and dismissed the petition for lack of personal jurisdiction was not a final order. This court recognized the general rule that a dismissal for lack of in personam jurisdiction is, by the terms of Rule 67.03, without prejudice and not a final judgment from which an appeal may be taken. *Id.* at 532. Additionally, in *Dillaplain*, this court acknowledged the holdings of both *Schwenker* and *Abbate*. However, the court in *Dillaplain* went on to state at p. 533:

> The plaintiffs here did not seek an extraordinary writ. At first blush, any attempt to distinguish the case at bar from *Schwenker* and *Abbate* is difficult. However, this court chooses to look at what was actually dismissed—was it a mere dismissal of the petition or of the action itself? *Nicholson v. Nicholson*, 685 S.W.2d 588, 589 (Mo.App.1985). 'If the dismissal was such that a refiling of the petition at that time would be a futile act, then the order of dismissal is appealable.' *Id.*

> In ruling on Lite's motion, this court holds the trial court action in quashing service and dismissal for lack of jurisdiction adjudicated this case. The plaintiffs could not have turned around and refiled the petition. *Nicholson*, supra, at 589. The trial court ruling really decided the ultimate question for long arm jurisdiction by implicitly deciding the matter of whether a tort had been committed in this state. Refiling another petition would have been a 'futile act.' *Nicholson*, supra. (citations omitted). The court rules that an appeal here is warranted, but, even if the remedy of a writ, as espoused in *Schwenker* and *Abbate*, should have been utilized, it would add

nothing but extra expense and delay to dismiss the appeal and have the appellants seek a writ of prohibition. All the facts necessary to decide the pivotal question of jurisdiction have been provided the court in the well prepared appeal briefs. In the interest of judicial economy and the desirability of a swift adjudication, the motion of Lite is overruled. *Foremost–McKesson, Inc. v. Davis*, 488 S.W.2d 193, 196 (Mo. banc 1972).

The rationale of *Dillaplain* is persuasive. In the case at bar, for all practical purposes, the trial court's action in dismissing the petition for lack of jurisdiction adjudicated the case as to Rosemeri Dunwiddie. The trial court issued an order subsequent to the order of May 10, 1991, designating the cause as final for purposes of appeal pursuant to Rule 74.01. Furthermore, Mr. Gohlston, as plaintiff, could not have refiled the petition because the court held that jurisdiction was not established over Rosemeri Dunwiddie in Missouri and at the time of dismissal, the applicable Kansas two year statute of limitations barred refiling of the action.

As in the *Dillaplain* case, "even if the remedy of a writ ... should have been utilized, it would add nothing but extra expense and delay to dismiss the appeal and have the [appellant] seek a writ of prohibition." *Id.* at 533. Thus, as did this court in *Dillaplain*, it is herein held that, under the present circumstances, an appeal is warranted.

■ Mr. Gohlston maintains in his first point that the trial court erroneously granted the Motion to Dismiss in favor of Rosemeri Dunwiddie on the basis that there was no personal jurisdiction as to her. When jurisdiction is sought to be established under the Long Arm Statute, § 506.-500, RSMo 1986, the plaintiff must plead and prove the suit arose out of an activity covered by the Long Arm Statute and that the defendant had sufficient minimum contacts with Missouri to satisfy due process requirements. *State ex rel. Ranni Assoc. v. Hartenbach*, 742 S.W.2d 134, 137 (Mo. banc 1987); *See also, Anderson Trucking Service, Inc. v. Ryan*, 746 S.W.2d 647, 648 (Mo.App.1988).

■ There are no contacts with Missouri alleged in the original petition as to Rosemeri Dunwiddie. The petition alleged the residence of Rosemeri Dunwiddie as Johnson County, Kansas and that the accident occurred in Johnson County, Kansas. Likewise, the police report of the accident, Rosemeri Dunwiddie's Special Appearance in response to the petition, the answers of Rosemeri Dunwiddie to Interrogatories and an Affidavit of Rosemeri Dunwiddie reflect those identical facts, as well as the fact that she was not the driver of the vehicle at the time of the accident. The petition does not allege, nor does the record reflect, any acts on behalf of Rosemeri Dunwiddie that would give rise to the exercise by a Missouri court of personal jurisdiction over her. The circuit court did not err by granting Rosemeri Dunwiddie's Motion to Dismiss on the basis of lack of personal jurisdiction.

In his second point, Mr. Gohlston argues that the court erred and abused its discretion by denying his Motion to File a First Amended Petition seeking to bring in Scott Dunwiddie as a defendant. Mr. Gohlston asserts that the reason Scott Dunwiddie was not originally made a party defendant was because his attorney inadvertently misread the police report on which Rosemeri Dunwiddie was listed as the owner of the vehicle and Scott Dunwiddie was listed as the driver. Mr. Gohlston also alleges that the addition of Scott Dunwiddie as a party defendant was simply a correction of a misnomer and not the introduction of a new party to the lawsuit.

The circuit court, in denying Mr. Gohlston's Motion to File a First Amended Petition, noted "... that the proposed First Amended Petition makes the same allegations as to residency as [Mr. Gohlston's] original Petition for Damages." The court then summarily denied the Motion on the grounds that the Motion to Dismiss as to Rosemeri Dunwiddie was granted, i.e., lack of subject matter and personal jurisdiction.

■ In this instance, leave of court was required to allow Mr. Gohlston to file

his First Amended Petition. Rule 55.33(a). As stated by Rule 55.33(a) itself, and provided in the applicable case law, "... leave shall be freely given when justice so requires." Although, Rule 55.33(a) emphasizes a liberal approach in allowing amendments to pleading, amending a petition is not an absolute right of a party. *Rigby Corp. v. Boatmen's Bank and Trust Co.*, 713 S.W.2d 517, 547 (Mo.App.1986). The denial of leave to amend is within the sound discretion of the circuit court and that decision will not be disturbed unless there is a showing that the court palpably and obviously abused its discretion. *Id.* The denial of amendment is presumed correct and the burden is on the proponent to show an abuse of discretion. *Id.*

■ Both parties correctly cite the pertinent standard used to determine whether a trial court has abused its discretion in denying leave to amend, that being whether the course taken has been in furtherance or subversion of justice. *Baker v. City of Kansas City*, 671 S.W.2d 325, 329 (Mo.App. 1984). (citations omitted). Factors to be considered are hardship to the moving party if leave to amend is denied, the reasons for the moving party's failure to include the new matter in its original pleading, and the injustice to the opposing party should leave be granted. *Id.*

■ With respect to the first factor, the hardship to the moving party if leave to amend is denied, there is no question that a hardship would accrue to Mr. Gohlston should he be unable to bring in Scott Dunwiddie as a party defendant. The record reflects that it was Scott and not Rosemeri Dunwiddie who was driving the vehicle which struck the vehicle of Mr. Gohlston.

The second factor is the reason for the moving party's failure to include the new matter in its original pleading. Mr. Gohlston maintains that his counsel inadvertently named the wrong party because of a misreading of the police report wherein, in very small print, Rosemeri Dunwiddie was listed as the owner and Scott Dunwiddie was listed as the driver. The record reflects that in at least three court documents Rosemeri Dunwiddie stated that she was not the driver of the vehicle at the time of the accident. In the response to the original petition, filed by Rosemeri Dunwiddie, in which she appeared specially to contest jurisdiction, she stated "that she was not operating any motor vehicle at the time and place mentioned in the Petition...." This response was filed April 12, 1990. Likewise, in her answers to interrogatories regarding the date, time and place of the occurrence, Rosemeri Dunwiddie answered to the effect that she had been informed by others as to these matters, but indicated no personal knowledge of the incident. The interrogatories were filed August 27, 1990. Rosemeri Dunwiddie also, by way of affidavit, attached to her Suggestions in Support of her Motion to Dismiss stated that she was not the driver of the vehicle at the time of the accident. Furthermore, Mr. Gohlston, at the time of the accident had the opportunity to view the other drivers. It cannot be said that he was without knowledge that it was Scott and not Rosemeri Dunwiddie who was driving the vehicle at the time of the accident.

It is noted that Mr. Gohlston's argument and cases cited in support, that his effort to add Scott Dunwiddie by way of a First Amended Petition constituted a simple correction of a misnomer is not persuasive and, in fact, inaccurate. A review of the proposed First Amended Petition reveals that Mr. Gohlston sought to add Scott Dunwiddie to the lawsuit. If, as Mr. Gohlston argues, the First Amended Petition sought to correct a misnomer, it would mean that he had incorrectly used the name of Rosemeri Dunwiddie in the original petition and by way of the First Amended Petition was seeking to name the correct person. This was not the case. A review of the proposed First Amended Petition reveals that Mr. Gohlston sought to add Scott Dunwiddie to the lawsuit as both Scott and Rosemeri Dunwiddie were named as defendants in the Amended Petition.

The final factor to be considered is the hardship to the opposing party should leave be granted. The record reflects that the original petition was filed on February 21, 1990, against Rosemeri Dunwiddie. Because of the alleged inadvertence in reading the police report, there was no attempt

to list Scott Dunwiddie as the proper party defendant until well over a year after the original petition was filed and over two years after the date of the accident. Mr. Gohlston's unjustifiable delay in discovering Scott Dunwiddie as the proper party defendant, would create a greater hardship to Scott Dunwiddie in defending the action than he would have otherwise occasioned, but for the inexcusable inadvertence in naming the incorrect party defendant.

In view of the foregoing, it cannot be said that the trial court palpably and obviously abused its discretion. In view of the three factors to be considered, the record clearly shows that the course taken by the trial court in denying the Motion to File a First Amended Petition was not in subversion of justice. Essentially, the record reflects that the reasons given by Mr. Gohlston for failing to include Scott Dunwiddie in the original petition are not convincing. Mr. Gohlston has failed in his burden to show an abuse of discretion, the decision of the trial court denying his Motion to File a First Amended Petition is affirmed. Point two is denied.

The judgment of the trial court is, in all respects, affirmed.

All concur.