WATLOW ELECTRIC MANUFACTURING COMPANY, Plaintiff-Appellant,

v.

SAM DICK INDUSTRIES, INC., Defendant-Respondent.

No. 52522.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 4, 1987.

William J. Travis, St. Louis, for plaintiff-appellant.

George Schaaf, Clayton, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This appeal arises from an action to collect an account due for certain goods sold to respondent, a Washington Corporation. Having been served in Washington, respondent moved to quash service and dismiss the claim for lack of personal jurisdiction. The trial court granted respondent's motion and dismissed the petition. We reverse.

Appellant contends that the trial court erred in dismissing the petition because respondent had transacted business and established minimum contacts with Missouri subjecting itself to the long-arm jurisdiction of the state under Section 506.500 RSMo 1986.

■ The quashing of service of process is usually not an appealable judgment. However, when the petition is also dismissed for particular reasons, the judgment may be appealable under the particular facts of the case. *Simpson v. Dycon International, Inc.*, 618 S.W.2d 455 (Mo. App.1981); *See also Empiregas, Inc. of Noel v. Hoover Ball and Bearing Co.*, 507 S.W.2d 657 (Mo.1974). We find, that under these particular facts, the trial court's dismissal of appellant's petition is an appealable judgment.

Appellant, Watlow Electric Manufacturing Company (Watlow), is a Missouri corporation engaged in the business of manufacturing and selling electrical and heating equipment. Watlow Winona, Inc. and Watlow Batavia are subsidiaries of Watlow located in Winona, Minnesota and Batavia, Illinois, respectively. Watlow's headquarters is in St. Louis, Missouri. Watlow also maintains a manufacturing plant in Hannibal, Missouri.

Sam Dick Industries, Inc. (Sam Dick) is a Washington corporation, with its principal office in Seattle, Washington. Sam Dick is a manufacturer of electric vaporizers along with other electrical products. Sam Dick is not qualified to do business in Missouri and does not maintain an office or employees in this state.

On February 28, 1984, Sam Dick placed a small purchase order with Watlow through Watlow's sales representative in Seattle. This small order was designed to allow Sam Dick to evaluate Watlow as a potential supplier of component parts for its vaporizers. In June, 1984, negotiations began concerning a larger order of parts. The sales contract was finalized in Seattle, Washington and partially by telephone and through the mail to Watlow's office in St. Louis. The parts were to be manufactured largely in Hannibal, Missouri with assistance from Watlow's other plants in the midwest. The thermocouples were invoiced from Watlow's St. Louis office and shipped "F.O.B. St. Louis, Missouri" as requested by Sam Dick.

On July 25, 1984, Dennis Moraski, chief engineer for Sam Dick, came to the Watlow plant in Hannibal, Missouri. Moraski was accompanied by Watlow's representative Jim Bibro and spent the day at the Watlow plant. During the visit Moraski visited with Robert Klien and Stephan Rhoads, both engineers at the plant. The purpose of the meeting was twofold. First, it allowed Moraski to become acquainted with Watlow's facilities. Second, it allowed Moraski to review the design of the electric vaporizers which had been ordered by Sam Dick. This design review was necessary because the initial Sam Dick order had been for a prototype unit. Moraski indicated that Sam Dick had specific concerns about the "wire watt density" of the heating elements being manufactured in Hannibal and was interested in improving the design. Moraski brought with him a number of designs and engineering plans. Moraski used these plans in his discussions with Watlow's engineers.

Watlow shipped various products to Sam Dick throughout 1984 and 1985. Watlow requested payment of the balance due; however, Sam Dick has refused payment. The reasonable value of these goods is $37,648.18.

■ A foreign defendant subjects itself to the long-arm jurisdiction of the state, under Section 506.500 RSMo 1986, when two elements are present. First, the suit

must arise out of the activities enumerated in the statute. Secondly, the defendant must have sufficient minimum contacts with Missouri to satisfy due process requirements. *State ex rel., Wichita Falls General Hospital v. Adolf,* 728 S.W.2d 604 (Mo.App.1987); *Medicine Shoppe International, Inc. v. J–Pral Corp.,* 662 S.W.2d 263 (Mo.App.1983).

Section 506.500 provides that:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

(4) The ownership, use, or possession of any real estate situated in this state;

(5) The contracting to insure any person, property or risk located within this state at the time of contracting;

(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

2. Any person, whether or not a citizen or resident of this state, who had lived in lawful marriage within this state, submits himself to the jurisdiction of the courts of this state as to all civil actions for dissolution of marriage or for legal separation and all obligations arising for maintenance of a spouse, support of any child of the marriage, attorney's fees, suit money, or disposition of marital property, if the other party to the lawful marriage continues to live in this state or if a third party has provided support to the spouse or to the children of the marriage and is a resident of this state.

3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

The power of a court to exercise personal jurisdiction over a nonresident defendant is limited by the due process clause of the fourteenth amendment. A defendant must maintain certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). These contacts must be purposeful and such that defendant "should reasonably anticipate being haled into court" in the forum state. *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

In determining whether a foreign defendant has sufficient minimum contacts with the forum state for our courts to acquire personal jurisdiction, we must consider: (1) the nature and quality of the contact with Missouri; (2) the quantity of those contacts; (3) the relationship of the cause of action to those contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. *Precision Construction Co. v. J.A. Slattery Co., Inc.,* 765 F.2d 114 (8th Cir.1985); *Institutional Food Marketing Associates v. Golden State Strawberries, Inc.,* 747 F.2d 448 (8th Cir. 1984); *M & D Enterprises, Inc. v. Fournie,* 600 S.W.2d 64, (Mo.App.1980). The first three factors are of primary importance and the last two are of secondary importance. *St. Louis Federal Savings and Loan v. Silverado Banking,* 626 F.Supp. 379 (E.D.Mo.1986); *See The Land-O–Nod Company v. Bassett Furnitures, Inc.,* 708 F.2d 1338 (8th Cir.1983).

■■■ Appellant contends that respondent's contacts in the state constituted the transaction of business in Missouri. We agree. Respondent communicated, on numerous occasions, with appellant in Missouri by telephone and through the mails. Moreover, respondent sent its chief engi-

neer to Missouri to finalize the design of the product. This single meeting is sufficient to satisfy the transaction of business requirement of Section 506.500. *State ex rel. Farmland Industries, Inc. v. Elliott*, 560 S.W.2d 60, 63 (Mo.App.1977); *Charles Schmitt & Co. v. Barrett*, 670 F.2d 802 (8th Cir.1982); *American Hoechst Corp. v. Bandy Laboratories, Inc.*, 332 F.Supp. 241 (W.D.Mo.1970). These contacts sufficiently meet the transacting business in Missouri requirement of Section 506.500 which is to be interpreted broadly to extend the jurisdiction of Missouri courts over nonresident defendants to the extent permissible under the due process clause. *State ex rel. Newport v. Wiesman*, 627 S.W.2d 874, 876 (Mo. banc 1982).

Respondent contends that the single visit to Missouri, by its chief engineer, does not meet the transacting business requirement of Section 506.500. Respondent attempts to distinguish the cited cases by pointing out that the visits to Missouri in those cases occurred before the contract was made instead of after the fact, as in the case at bar. This distinction is not decisive in this case. The meeting in Hannibal was made in order to finalize the design of the product. The redesigning of the product was an essential factor in the completion of the contract. This meeting must be viewed as the transaction of business within the state for purposes of long-arm jurisdiction under Section 506.500.

We also find that no due process principles were violated. Respondent's visit and other contacts with the state were purposeful. The nature, quality, and quantity of respondent's contacts with Missouri were sufficient to allow our courts to exercise personal jurisdiction over respondent.

Judgment of the trial court is reversed and remanded to the trial court for further proceedings consistent with this opinion.

CRANDALL and KAROHL, JJ., concur.