**Robert L. SHIRKEY, Appellant,**

v.

**Frank C. McMASTER and Kevin M. McMaster, Respondents.**

**No. WD 48235.**

Missouri Court of Appeals,
Western District.

March 8, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1994.

Application to Transfer Denied
June 21, 1994.

Jack B. Robertson, Kansas City, for appellant.

Paul Douglas Cowing, Samuel P. Logan, Kansas City, for respondents.

Before SMART, P.J., and LOWENSTEIN and FENNER, JJ.

FENNER, Judge.

Appellant, Robert L. Shirkey, appeals the judgment of the trial court dismissing his action against respondents for breach of contract on the basis of lack of personal jurisdiction.

Shirkey is an attorney licensed to practice in Missouri with his office in Kansas City, Missouri. Respondents, Frank C. McMaster and Kevin M. McMaster, are attorneys licensed to practice in Kansas with their office in Wichita, Kansas. In late 1989, Shirkey contacted D. Lee McMaster in an effort to locate a Kansas attorney to assist in bringing a wrongful death action in Kansas on behalf of clients of Shirkey. Lee McMaster agreed to undertake the case and further agreed with Shirkey to split any attorney's fee on a 50/50 basis.[1] Lee McMaster decided not to handle the case and gave the file to Kevin McMaster. Shirkey then contacted Kevin McMaster and Kevin McMaster agreed to handle the case. Shirkey and Kevin McMaster did not discuss how the attorney's fee would be handled. However, Shirkey contends that Lee McMaster and Kevin McMaster were partners when Shirkey and Lee McMaster agreed to the 50/50 split and, therefore, Kevin McMaster and his current partner, Frank C. McMaster, are bound by the agreement.

In his appeal, Shirkey argues that the trial court erred by dismissing his petition on the basis of lack of personal jurisdiction because there was a contract between the parties entered into in Missouri and there were sufficient contacts with Missouri to satisfy due process.

 The Missouri Long Arm Statute, section 506.500, RSMo Supp.1993, reads, in pertinent part, as follows:

1. Any person or firm, whether or not a citizen or resident of this state, ... who in person or through an agent does any of the acts enumerated in this section, thereby submits ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;[2]

\* \* \*

In passing on a motion to dismiss for lack of personal jurisdiction over a non-resident, a two step inquiry is necessary: first, whether the defendant committed one of the acts enumerated in the long arm statute; and second, whether the exercise of personal jurisdiction would violate due process. *Watlow Elec. Mfg. v. Sam Dick Industries,* 734 S.W.2d 295, 296–97 (Mo.App.1987) (citations omitted). A defendant must maintain certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Id.* at 297 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). For purposes of long-arm jurisdiction under section 506.500.1(2), a contract is made *where acceptance occurs. Tempmaster Corp. v. Elmsford Sheet Metal Works, Inc.,* 800 S.W.2d 45, 47 (Mo.App.1990).

 When a question of personal jurisdiction is raised in a Motion to Dismiss for

---

1. There is no dispute between the parties but that such an agreement is valid under Kansas law. However, under Missouri law, the validity of such a contract is affected by Rule 4, Rules of Professional Conduct, Rule 1.5 Fees.

2. Appellant, Shirkey, makes passing reference in the argument portion of his brief to the question of whether the parties transacted business in Missouri. Nonetheless, Shirkey does not represent in his points relied on nor does he argue in his brief that the respondents submitted to the jurisdiction of Missouri courts by the transaction of business in Missouri. Rather, Shirkey relies on the making of the contract in Missouri as the basis for jurisdiction. Since it is not properly raised in this appeal, we do not address the question of whether the respondents transacted business in Missouri sufficient to bring them under the jurisdiction of Missouri courts.

Lack of Personal Jurisdiction, the plaintiff has the burden of showing that the court's exercise of jurisdiction is proper. *State ex rel. William Ranni Associates, Inc. v. Hartenbach,* 742 S.W.2d 134, 137 (Mo. banc 1987). Where the motion is made on matters not appearing of record, the court may hear the matter on affidavits presented by the respective parties, or it may direct that the matter be heard wholly or partly on oral testimony or deposition. *State ex rel. Harmon v. Scott,* 820 S.W.2d 101, 103 (Mo.App. 1991), (quoting *Medicine Shoppe Int'l, Inc. v. J–Pral Corp.,* 662 S.W.2d 263, 268 (Mo.App. 1983)). Where affidavits are presented, the court may believe or disbelieve the statements made in the affidavits. *Id.* Such factual determinations are left to the sound discretion of the trial court. *Parmer v. Bean,* 636 S.W.2d 691, 694 (Mo.App.1982).

■ In entering its order of dismissal, the trial court did not address the question of whether or not a partnership existed between Lee, Kevin, and Frank McMaster when Lee McMaster agreed to a 50/50 fee split. Rather, the court found that the contract between Lee McMaster and Shirkey was made in Kansas. Therefore, even if there was a partnership, the respondents herein were not subject to personal jurisdiction for having made a contract in Missouri.[3]

Shirkey had the burden of proof on the motion. He had to show the contract was made in Missouri. He also had to show sufficient minimum contacts to satisfy constitutional requirements. This was not an easy burden to overcome, because it was undisputed that Shirkey was the one "shopping" the proposal to Kansas attorneys.

The record is sufficient to support the court's determination that the contract in question was made in Kansas and, therefore, did not subject the respondents to personal jurisdiction in Missouri. It is undisputed that Shirkey contacted Lee McMaster in Kansas and asked him to act as local counsel in the case. Furthermore, Shirkey had earli-

er contacted another attorney in Kansas, but did not reach an agreement with that attorney because the other attorney was not willing to accept Shirkey's insistence on a 50/50 fee split. There was also evidence before the court that Shirkey represented that he was the one who negotiated the 50/50 fee split.

The record supports the conclusion that when Shirkey located an attorney who would agree to the proposed fee split, the contract was made. Shirkey was the offeror regardless of the exact sequence of events in his initial conversation with Lee McMaster. The record reflects that Lee McMaster was the "buyer" and not the "seller."

It is reasonable to infer from the record that Lee McMaster was the one who accepted Shirkey's offer of a 50/50 fee split. The trial court did not abuse its discretion in deciding this question of fact. Having found that the contract was accepted by Lee McMaster in Kansas, the trial court did not err in dismissing this petition for lack of personal jurisdiction.

Judgment affirmed.

All concur.

---

3. A letter was presented to the court from Lee McMaster wherein he represented that he was a partner of Kevin and Frank McMaster when he agreed to the 50/50 split with Shirkey. Kevin and Frank McMaster deny that they were partners with Lee McMaster at that time. However, since we affirm the judgment of the trial court, the question of whether there was a partnership in existence between Lee, Kevin, and Frank McMaster at the time Lee McMaster agreed to a 50/50 fee split with Shirkey need not be considered by this opinion.