QUELLE QUICHE, LTD.,
Plaintiff–Appellant,

v.

ROLAND GLASS FOODS, INC. and Key
Food Brokers, Inc., Defendants–
Respondents.

No. 68563.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 28, 1996.

Braun, Stewart & Keefe, P.C., Clayton, for appellant.

Sonnenschein, Nath & Rosenthal, Roger K. Heidenreich, Timothy J. Prosser, St. Louis, for Roland Glass Foods, Inc.

Baker, Sterchi, Cowden & Rice, L.L.C., John W. Cowden, James R. Jarrow, Kansas City, and Miles & Stockbridge, P.C., Stephen J. Cullen, Baltimore, MD, for Key Food Brokers, Inc.

HOFF, Judge.

Quelle Quiche, Ltd. (Quelle Quiche) appeals from a final order entered by the trial court dismissing its action for breach of contract against Roland Glass Foods, Inc. (Roland Foods or defendant) and Key Food Brokers, Inc. (Key Food or defendant) for lack of personal jurisdiction pursuant to Missouri Supreme Court Rule 55.27(a)(2). We affirm.

Quelle Quiche filed a petition alleging damages from breach of contract against Roland

Foods, a vendor who contracted to buy cakes and brownies made by Quelle Quiche, and against Key Food, the broker in the contractual relationship between Quelle Quiche and Roland Foods. Damages of $6,954.03 and prejudgment interest were sought. Roland Foods and Key Food filed motions to dismiss for lack of personal jurisdiction and requested service of process be quashed.

A hearing was held on defendants' motions to dismiss. Evidence was received on the record and through affidavits supporting the motions to dismiss. The trial court granted the motions to dismiss for lack of personal jurisdiction and quashed service of process. This appeal followed.

■ Although none of the parties have raised this issue, we note, *sua sponte,* the appropriate remedy of appellant when the trial court dismisses an action for lack of personal jurisdiction and thereafter quashes service, is an extraordinary writ as there is no finality of judgment of a dismissal without prejudice. *Gohlston v. Lightfoot,* 825 S.W.2d 864, 868 (Mo.App.1992). Under Missouri Supreme Court Rule 67.03, a dismissal for lack of personal jurisdiction is without prejudice unless designated otherwise. In this case, the trial court dismissed the action without designation; therefore, the order was without prejudice, had no finality of judgment, and is generally not appealable.

■ However, we hold that in ruling on defendants' motions, ordering service of process quashed and dismissing the claims for lack of personal jurisdiction, the trial court adjudicated the case. *Id.* In essence, the trial court ruling decided the ultimate question of long arm jurisdiction by implicitly deciding whether a contract had been made or business had been transacted in Missouri, or whether defendants had sufficient minimum contacts within this state. *Dillaplain v. Lite Industries, Inc.,* 788 S.W.2d 530, 533 (Mo.App.1990). Due to these determinations, appellant could not have then refiled a petition. *Id.* at 533, quoting *Nicholson v. Nicholson,* 685 S.W.2d 588, 589 (Mo.App. 1985). Refiling a petition at that time would have been a "futile act." *Id.*

Therefore, we rule an appeal of the trial court action in this case is allowable even if, technically, the appropriate remedy is the filing of a writ. *Dillaplain,* 788 S.W.2d at 533. To dismiss this appeal, instructing appellant to refile a writ, would add nothing but expense and delay. *Id.* All critical information to determine jurisdiction has been provided to us in the appellate briefs and legal file. In the interest of judicial economy, we find the trial court's order appealable and now review the issue brought on appeal.

Quelle Quiche contends the trial court erred in sustaining defendants' motions to dismiss for lack of personal jurisdiction because the evidence established a prima facie case of jurisdiction over defendants.

■ The trial court has jurisdiction to determine the extent of its jurisdiction over defendants in the original cause of action. *TSE Supply Co. v. Cumberland Natural Gas Co.,* 648 S.W.2d 169, 169 (Mo.App.1983). When lack of personal jurisdiction is asserted in a motion to dismiss, it is plaintiff's burden to establish a prima facie case of jurisdiction in order to withstand said motion. *Osage Homestead, Inc. v. Sutphin,* 657 S.W.2d 346, 350 (Mo.App.1983).

■ When a motion to dismiss for lack of personal jurisdiction is made on a matter not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition. *Shirkey v. McMaster,* 876 S.W.2d 648, 650 (Mo.App.1994). When affidavits are presented, the trial court may believe or disbelieve any statements made within those affidavits. *Id.* It is within the sole discretion of the trial court to make such factual determinations. *Id.* We must affirm the trial court's ruling regarding jurisdiction if the affidavits submitted by the defendants in support of their motions to dismiss show they did not commit any act sufficient to invoke the jurisdictional provisions of the Missouri Long Arm Statute, § 506.500 RSMo 1994. *TSE Supply Co.,* 648 S.W.2d at 169.

■ When reviewing a motion to dismiss for lack of personal jurisdiction over a non-

resident, there are two necessary inquiries. *Shirkey,* 876 S.W.2d at 649. First, the trial court must determine whether the suit arose out of activities laid out in the long-arm statute, and second, whether the exercise of personal jurisdiction would violate due process. *Id.*

The Missouri Long Arm Statute, § 506.500 RSMo 1994, states in relevant part:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state[.]

■ Under the first inquiry, and for purposes of long-arm jurisdiction, a contract is made where acceptance occurs. *Shirkey,* 876 S.W.2d at 649.

■ Under the second inquiry, a defendant must have sufficient minimum contacts with Missouri to satisfy due process requirements. *Dillaplain,* 788 S.W.2d at 533. To determine whether a non-resident defendant has sufficient minimum contacts for a Missouri court to have personal jurisdiction, five factors should be considered: 1) the nature and quality of the contact; 2) the quantity of those contacts; 3) the relationship of the cause of action to those contacts; 4) the interest of Missouri in providing a forum for its residents; and 5) the convenience or inconvenience to the parties. *Id.* at 534. The primary factors are the first three, while the last two deserve only secondary importance. *Id.*

■ After it has been determined the defendant has established sufficient minimum contacts, other factors must be considered to determine whether jurisdiction over the non-resident defendant would comply with "traditional notions of fair play and substantial justice." *Id.* at 535, (quoting *Inter-*

*national Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). The trial court must additionally consider: 1) the burden on the defendant; 2) the interest of the forum state; 3) the plaintiff's interest in obtaining relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.*

■ In its first point on appeal, Quelle Quiche contends the trial court erred in sustaining Key Food's motion to dismiss because the evidence established a prima facie case that Key Food had entered into a contract and/or had been doing business in Missouri and had sufficient minimum contacts for the court to exercise personal jurisdiction.

After reviewing the record and the affidavits filed pursuant to Key Food's motion to dismiss, we find sufficient evidence to support the conclusion of the trial court that it had no personal jurisdiction over Key Food. It was reasonable for the trial court to find there was insufficient evidence presented by Quelle Quiche to determine the contract was made in Missouri.

The evidence indicated that Key Food was a Maryland corporation that did not own property, maintain offices or have agents in Missouri. Pursuant to a request made by Quelle Quiche, Key Food contacted Roland Foods in Maryland in May of 1994, and asked them to distribute Quelle Quiche products at stores where they held accounts. Roland Foods placed a purchase order with Key Food to distribute Quelle Quiche products, thereby accepting the offer made by Quelle Quiche through its agent Key Food. This offer was accepted by Roland Foods in Maryland, which formed a contract in that state.

■ Additionally, the contacts between Key Food and Quelle Quiche were not sufficient to invoke personal jurisdiction. The evidence indicated the various telephone calls made between Quelle Quiche and Key Food from February 18, 1994 to August 1, 1994 were mostly originated by Quelle Quiche regarding their attempts to sell products in

Maryland. Other than one disputed visit by a Key Food employee to the Quelle Quiche office in Missouri years before this transaction, Key Food had limited contacts in Missouri. Therefore, the trial court correctly found there was insufficient evidence to have personal jurisdiction over Key Food under the Long Arm Statute because it did not enter into a contract in Missouri, did not transact business in Missouri, and had insufficient contacts in this state. Point I denied.

 In its second point on appeal, Quelle Quiche contends the trial court erred in sustaining Roland Foods' motion to dismiss because the evidence established a prima facie case that Roland Foods had entered into a contract and/or had been doing business in Missouri and had sufficient minimum contacts for the court to exercise personal jurisdiction.

After reviewing the record and the affidavits filed pursuant to Roland Foods' motion to dismiss, we find sufficient evidence to support the conclusion of the trial court that it had no personal jurisdiction over Roland Foods. It was reasonable for the trial court to find there was insufficient evidence presented by Quelle Quiche to determine the contract was made in Missouri.

The evidence indicated that Roland Foods was a Maryland corporation that did not own property, maintain offices or have agents in Missouri. In May, 1994, Roland Foods was contacted by Key Food in Maryland and was asked to distribute Quelle Quiche products at stores where Roland Foods held accounts. Roland Foods placed a purchase order with Key Food to distribute Quelle Quiche products, thereby accepting the offer made by Quelle Quiche through its agent Key Food. This offer was accepted by Roland Foods in Maryland, which formed a contract in that state.

Additionally, the limited interaction between Roland Foods and Quelle Quiche supports the trial court's finding that Roland Foods did not have sufficient minimum contacts with Missouri to satisfy due process requirements. Roland Foods' only contacts in Missouri were a facsimile transmission providing credit information Quelle Quiche had requested, and correspondence and tele-

phone calls relating to the alleged breach of contract. These limited contacts were not sufficient to raise personal jurisdiction under the Missouri Long Arm Statute. Therefore, the trial court correctly found there was insufficient evidence to allow personal jurisdiction over Roland Foods under the Long Arm Statute because it did not enter into a contract in Missouri, did not transact business in Missouri, and had insufficient contacts in this state. Point II denied.

The order of the trial court granting defendants' motions to dismiss for lack of personal jurisdiction and quashing service of process is supported by substantial evidence.

Judgment affirmed.

PUDLOWSKI, P.J., and SIMON, J., concur.