Kevin YOUNG, Respondent,

v.

SAFE–RIDE SERVICES, Appellant.

No. WD 57178.

Missouri Court of Appeals,
Western District.

May 31, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 2000.

Don B. Roberson, Kansas City, for respondent.

James R. Coffey, Kansas City, for appellant.

Before: Chief Judge
BRECKENRIDGE, Judge
LOWENSTEIN and Judge ULRICH.

HAROLD L. LOWENSTEIN, Judge.

## FACTS

This appeal stems from a simple underlying cause of action for failure to provide a service letter (§ 290.140, RSMo.1994) that has evolved into a somewhat complex procedural battle. A default judgment was entered against the employer which the trial court ultimately ruled against setting aside. The following undisputed facts and chronology are set forth to aid the reader.

The respondent, Kevin Young, filed suit pursuant to the Missouri Service Letter Statute against the appellant, Safe Ride Services, Inc. After being terminated on September 11, 1998, Young requested a service letter from appellant on September 24, 1998. The office assistant who received the request did not understand her obligation under the Service Letter Statute and, therefore, did not provide the requested service letter to Young as required by law. Due to appellant Safe Ride's failure to send the service letter, Young filed a petition against appellant on December 2, 1998, alleging he was statutorily entitled to actual and punitive damages for appellant's "intentional, willful, wanton, grossly intentional" behavior in failing to fulfill his request.

However, due to changing corporate responsibilities of its parent company, Laidlaw, Inc. (hereinafter "Laidlaw"), Safe Ride did not receive respondent-plaintiff's petition. Laidlaw had acquired Safe Ride in September 1996. At that time, Laidlaw placed Safe Ride under the direction and within the corporate structure of American Medical Response, Inc. ("AMR"), which was a wholly owned subsidiary of Laidlaw and who maintained responsibility for all legal matters arising at Safe Ride. In September 1998, due to corporate restructuring, Safe Ride's responsibility was then shifted to another wholly-owned subsidiary of Laidlaw; Laidlaw Transit Services, Inc. ("Laidlaw Transit").

On December 11, 1998, Young's summons and petition was properly served to Laidlaw's corporate designated registered agent, CT Corporation System in Clayton, Missouri. CT Corporation then forwarded the documents to Doug Lawson, Laidlaw's Director of Corporate Claims, who was officed in Texas. Unaware of the new corporate structure, Lawson, or a claims secretary, inadvertently forwarded the summons and petition to AMR in Colorado, rather than forwarding it to the proper entity, Laidlaw Transit in Kansas. As a result, Laidlaw Transit never received the petition and summons. Further, it is assumed the forwarded papers got lost in the mail, because AMR never received them.

Due to the fact that Laidlaw Transit was never notified of the lawsuit, it failed to file a timely answer by January 11, 1999. Young then filed a Motion for Default Judgment and requested actual damages of $750.00 and punitive damages of $50,-000, which was granted by the court on January 19, 1999. Safe Ride learned of the lawsuit for the first time only after the entry of the default judgment against it.

Immediately following Safe Ride's notice of the judgment, it contacted counsel who began an immediate investigation into what had happened to the original petition and summons and as to why they had not been informed of the lawsuit. Safe Ride then filed a Motion to Set Aside the Default Judgment 28 days after the entry of the judgment. After a telephonic hearing on the motion to set aside, the Circuit Court entered an order on February 19

granting Safe–Ride's Motion to Set Aside as well as granting Safe Ride leave to file its answer to Plaintiff's Petition. Young then filed a Motion for a Rehearing and to Rescind and Set Aside the court's February 19 order, which the court granted by reversing its February 19 order and reinstating the default judgment against Safe Ride. The court found that Safe Ride did not have good cause for failing to timely file an answer. Safe Ride subsequently filed this appeal.

## STANDARD OF REVIEW

■ Appellate review of a default judgment sustains the trial court's discretion unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Boatmen's First Nat'l Bank v. Krider,* 844 S.W.2d 10 (Mo.App.1992) citing *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). However, the discretion of a trial court to deny a motion to set aside a default judgment is subject to closer scrutiny on appeal than is the discretion of a trial court to grant a motion to set aside. *Boatmen's, supra* citing *Gibson v. Elley,* 778 S.W.2d 851, 853–54 (Mo.App. 1989). Therefore, an appellate court is much more likely to interfere with the trial court's decision when the motion to set aside the judgment has been denied. *Id.* citing *Gibson,* 778 S.W.2d at 854. This is because of the court's distaste for default judgments. *Billingsley v. Ford Motor Co.,* 939 S.W.2d 493, 498 (Mo.App.1997).

## POINT RELIED ON

■ Safe Ride's sole point on appeal argues that the circuit court's order reinstating the default judgment, which it had previously set aside, should be reversed because Safe Ride demonstrated "good cause" sufficient to set aside the default judgment under both Rules 75.01 and 74.05(d).

■ Although there is a dispute between the parties as to which of the above two rules governed the trial court's action of setting aside and then reinstating the default judgment, this court holds the dispute is irrelevant and not necessary to resolve as the identical element of "good cause," which is the sole issue raised on appeal, must be shown under either rule. There was no question at trial or on appeal as to the meritorious requirement contained in Rule 74.05. Since Safe Ride's motion was filed within 30 days of judgment, it would seem that Rule 75.01 would apply. Rule 75.01 allows the court to set aside a judgment within 30 days of entry upon a showing of good cause as to why the judgment should be set aside.[1] Rule 74.05 allows the court to set aside a default judgment "within a reasonable time not to exceed one year after the entry of the default judgment," and upon a showing of a meritorious defense and for good cause. Because good cause is an element under both rules, this court will only address the issue of whether or not Safe Ride demonstrated good cause to set aside the default judgment against it.

■ Good cause is now defined in Rule 74.05(d) as including "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." "Good cause" is to be interpreted liberally, "not only to prevent a manifest injustice but to avoid a threatened one especially in cases tried without a jury where evidence on one side only is presented." *Brueggemann v. Elbert,* 948 S.W.2d 212, 214 (Mo.App.1997) quoting *Dattilo v. Am. Family Ins.,* 902 S.W.2d 361 (Mo.App. 1995).

A prior version of Rule 74.05 was interpreted to mean a defendant who negligently failed to timely file an answer was denied relief; however, the present rule has been broadened and changed. *Myers v.*

---

1. From the facts it appears as if there might be a question as to whether the court ruled on the motion within the thirty day limit of Rule 75.01, but in any event, disposition under Rule 74.05 would lead to the same result.

*Pitney Bowes, Inc.*, 914 S.W.2d 835, 839 (Mo.App.1996); *see also Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97, 100 (Mo. banc 1989). Several appellate court opinions that have been decided since the rule change affecting the definition of good cause seem to follow a different pattern that has become the modern trend. All three appellate districts in Missouri have recently held that certain mistakes or document mishandling are good cause that is sufficient to set aside a default judgment.

*Gibson, supra*, handed down by the Western District, is exactly on point to the case at issue. In *Gibson*, the person responsible for the defendant's legal matters was aware that papers were forthcoming, but was out of town when they actually arrived. In his absence, the documents were misplaced and no answer was filed. Once the documents were discovered, a default judgment had already been entered, and a *motion to set it aside was filed* 22 days later. The court held that the series of internal mishaps and the defendant's actions upon discovering the documents were inconsistent with a finding of recklessness or intent.

*Myers v. Pitney Bowes, Inc.*, 914 S.W.2d 835 (Mo.App.1996) is another case on point. In *Myers*, the defendant's department responsible for legal matters was undergoing reorganization and the manager who routinely responded to allegations had retired, causing a realignment of responsibilities. As a result, a petition was not received by the appropriate person, and therefore not answered. As soon as a corporate official received notice of the lawsuit, however, a motion to vacate the default judgment was filed. The trial court held that no good cause was shown. The Southern District appellate court then reversed the trial court, holding that "mistakes and internal mishaps" were not intentionally or recklessly designed to impede the judicial process and that good cause existed to set aside the default judgment. *See e.g., Billingsley v. Ford Motor Co.*, 939 S.W.2d 493 (Mo.App.1997) (good

cause existed where after party forwarded legal documents to its counsel, letter dictated to associate assigned to handle the matter was misplaced and timely answer was not filed); *Keltner v. Lawson*, 931 S.W.2d 477 (Mo.App.1996) (held good cause existed where after the attorney assigned the case resigned, the case was reassigned to another employee who transferred the legal documents to an individual on vacation); *Newton v. Manley*, 824 S.W.2d 522 (Mo.App.1992) (held good cause existed where counsel for party whom default judgment was entered against never received petition and summons even though party had received them); *Clark v. Brown*, 814 S.W.2d 634 (Mo.App.1991) (held good cause existed where secretary who had possession of legal documents failed to forward documents to counsel resulting in a default judgment); *Brueggemann, supra*, (held that good cause existed when defendant's counsel arrived late due to mistake which was not intentionally or recklessly designed to impede the judicial process); *Continental Basketball Ass'n v. Harrisburg Prof'l Sports, Inc.*, 947 S.W.2d 471 (Mo.App.1997) (held that good cause existed to set aside default judgment when defendant's hired counsel mistakenly allowed a default judgment to be entered against defendant in mistaken belief that counsel had filed an answer in the proper court as the parties had three suits pending at the same time in three different venues).

In contrast, this court sets forth two cases in which it was held good cause did not exist that was sufficient to set aside a default judgment. In *Boatmen's First Nat. Bank, supra*, the court held that the default judgment should not be set aside because the movant "simply decided to ignore the summons, a decision of neglect and inattention." *Id.* at 12. In that case, a divorced wife did not respond after summoned by a bank for an outstanding marital debt. She admitted to receiving the summons, read it, and chose to do nothing.

Further, *Robson v. Willers,* 784 S.W.2d 893 (Mo.App.1990), held that appellant's excuse for his failure to answer and appear to a petition he received that "he was busy, had family troubles, and did not understand the meaning of a default judgment," was not good cause to set aside the default judgment entered against him. *Robson,* 784 S.W.2d at 896.

The chain of errors here were not in accord with sound business procedures, but were not intentional or reckless. *Gibson, supra,* 778 S.W.2d at 855. The default judgment should be set aside.

## CONCLUSION

Safe Ride has shown good cause in its corporate restructuring sufficient to set aside the default judgment entered against it. It was an abuse of discretion to refuse to set aside the default. The judgment is reversed and remanded with directives to set aside the default judgment against Safe Ride.

All concur.