**Joseph LOVENDUSKI, Respondent,**

v.

**Craig L. McGRAIN, Appellant.**

**No. WD 59260.**

Missouri Court of Appeals,
Western District.

Aug. 7, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 2001.

Application for Transfer Sustained
Nov. 20, 2001.

Case Retransferred March 19, 2002.

Court of Appeals Opinion Readopted
March 25, 2002.

---

Ann E. Buckley, St. Louis, for appellant.

Joseph W. Vanover, Keith Wayne Hicklin, Platte City, for respondent.

Before THOMAS H. NEWTON, P.J., HAROLD L. LOWENSTEIN, J. and JAMES M. SMART, JR., J.

## FACTUAL BACKGROUND

NEWTON, Judge.

Mr. Craig McGrain appeals the default judgment against him and in favor of Mr. Joseph Lovenduski on Mr. Lovenduski's "Petition on Loan/Breach of Contract." The issue in this case concerns the exercise of personal jurisdiction over an out-of-state defendant by the circuit court. The history of the case, as demonstrated by the record, is as follows.

Mr. Lovenduski filed a petition against Mr. McGrain, a New York defendant, on April 20, 2000, to recover $120,000 in funds loaned, plus interest. The petition alleged that Mr. Lovenduski was a Missouri resident and that Mr. McGrain was a resident of New York. Apparently, the parties did not execute a written agreement. The petition alleged, however, that on two occasions Mr. Lovenduski borrowed $60,000 from Citizens Bank & Trust in Livingston, Missouri, and that the funds were advanced to Mr. McGrain through an affiliated corporation, First Austin Funding Corporation. According to the petition, Mr. McGrain agreed to repay the loan, made some of the monthly payments, but eventually ceased payment. Further, it alleged that the "transaction occurred" in the State of Missouri.

Mr. McGrain was personally served in New York on April 28, 2000. On May 30, 2000, Mr. McGrain's attorney filed a "Special Entry of Appearance to Contest Personal Jurisdiction."

Mr. Lovenduski filed a "Motion for Entry of Default Judgment" on June 19, 2000. Included with the motion was an "Affidavit in Support of Default Judgment" signed by Mr. Lovenduski that contained substantially the same facts as alleged in the petition, including the contention that the "transaction occurred" in the State of Missouri. The motion was to be heard on July 7, but Mr. McGrain requested a continuance on June 26. On July 21, 2000, the court held a hearing on Mr. Lovenduski's motion. Prior to the hearing, no motion to dismiss for lack of personal jurisdiction had been made by Mr. McGrain, nor had he filed an answer. In entering default judgment against Mr. McGrain, the circuit court deemed the allegations in Mr. Lovenduski's petition admitted. On July 31, 2000, Mr. McGrain's attorney filed an "Entry of Appearance" in addition to a "Notice of Hearing on Motion to Set Aside Default Judgment," "Motion for Leave to File Answer Out of Time," and "Motion to Dismiss for Lack of Personal Jurisdiction." The "Motion to Set Aside Default Judgment" was also filed on July 31, accompanied by an "Affidavit Denying Personal Jurisdiction" signed by Mr. McGrain. Amended motions to set aside the default judgment were filed on August 14 and August 18. On August 17, Mr. Lovenduski filed "Suggestions in Opposition to Defendant's Amended Motion to Set Aside Default Judgment." Mr. McGrain's Answer was filed on August 18, and his motion to dismiss was filed on August 25. The motion to dismiss was accompanied by an affidavit signed by Mr. McGrain, which stated that he had been a resident of New York for fifteen years and was never a resident of Missouri; he had never borrowed any money in Missouri; prior to 1998, he had never been in Missouri; he was in the State of Missouri once in 1998 for a three-hour business meeting unrelated to matters involved in the litigation; he had no assets in the State of Missouri; that he had no business interests in the State of Missouri; and he had no other contacts with the State of Missouri. Also, on August 25, "Notice of Hearing on the Motion to Dismiss" was filed.

On August 18, a hearing was held in regard to the motion to set aside the default judgment. At the hearing, Mr. McGrain's attorney acknowledged that "it is within [the circuit court's] discretion to award fees against me for the trouble that has gone to the plaintiff's law firm to try to press me into this." The court sustained Mr. McGrain's motion, conditioned upon the payment of $500 in partial attorney's fees. An "Order Setting Aside Default Judgment" was filed on August 22, requiring payment of the partial attorney's fees within fifteen days.

On September 11, the parties consented to October 6 as the date for the hearing on Mr. McGrain's Motion to Dismiss. However, on October 5, Mr. McGrain's counsel requested leave to withdraw as Mr. McGrain's attorney, citing Mr. McGrain's failure to communicate as the grounds for the request. The following day, Mr. Lovenduski filed a "Motion for Entry of Order Denying Amended Motion to Set Aside Default Judgment," which alleged that the $500 in partial attorney fees had not been paid. Also, on October 6, the law firm presently representing Mr. McGrain made its entry of appearance. Former counsel for Mr. McGrain was granted leave to withdraw on October 25. On November 6, the court entered an "Order and Judgment Denying Amended Motion to Set Aside Default Judgment," which overruled Mr. McGrain's amended motion to set aside the default judgment and reinstated the default judgment originally entered. An "Amended Order and Judgment Denying Amended Motion to Set Aside Default Judgment" was filed on November 7, and

Mr. McGrain filed his notice of appeal the same day.

In summary, the timeline for the case in the year 2000 is as follows:

*April 20*—Petition filed by Mr. Lovenduski

*April 28*—McGrain served in New York

*May 30*—"Special Entry of Appearance to Contest Personal Jurisdiction" filed

*July 21*—Hearing on Mr. Lovenduski's motion for default judgment; default judgment issued

*July 31*—"Entry of Appearance" filed by Mr. McGrain's attorney; "Notice of Hearing on Motion to Set Aside Default Judgment," "Motion for Leave to File Answer Out of Time," and "Motion to Dismiss for Lack of Personal Jurisdiction" filed by Mr. McGrain; "Motion to Set Aside Default Judgment" with "Affidavit Denying Personal Jurisdiction" filed by Mr. McGrain

*August 11*—Hearing on Mr. McGrain's motion to set aside the default judgment

*August 14*—"Amended Motion to Set Aside Default Judgment" filed by Mr. McGrain with his "Affidavit Denying Personal Jurisdiction"

*August 16*—"Amended Motion to Set Aside Default Judgment" filed by Mr. McGrain with his "Affidavit Denying Personal Jurisdiction"

*August 18*—Hearing held on Mr. McGrain's amended motion to set aside the default judgment; Answer filed for Mr. McGrain

*August 22*—Order setting aside the default judgment issued, conditioned on payment of $500 in partial attorney's fees

*August 25*—"Motion to Dismiss for Lack of Personal Jurisdiction" filed by Mr. McGrain with affidavit

*October 5*—Request for leave to withdraw by Mr. McGrain's former counsel

*October 6*—"Motion for Entry of Order Denying Amended Motion to Set Aside Default Judgment" filed by Mr. Lovenduski; entry of appearance made by Mr. McGrain's current counsel

*November 6*—"Order and Judgment Denying Amended Motion to Set Aside Default Judgment" issued by the circuit court

*November 7*—"Amended Order and Judgment Denying Amended Motion to Set Aside Default Judgment" issued by the circuit court; Notice of appeal filed by Mr. McGrain

## STANDARD OF REVIEW

▮ In reviewing a default judgment, we will sustain the trial court's discretion unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Young v. Safe–Ride Servs.*, 23 S.W.3d 730, 732 (Mo.App. W.D.2000); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Because of this court's distaste for default judgments, we subject the discretion of a trial court to deny a motion to set aside a default judgment to closer scrutiny than the discretion of a trial court to grant a motion to set aside, and, consequently, we are much more likely to interfere with the trial court's decision when the motion to set aside the judgment has been denied. *Young*, 23 S.W.3d at 732.

## LEGAL ANALYSIS

▮ We recognize that "a personal judgment rendered by a court without personal jurisdiction over the defendant is void and may be attacked collaterally" and that "a defendant 'is always free to ignore the judicial proceedings, risk a default judgment and then challenge that judgment on jurisdictional grounds in a collateral proceeding.' " *Crouch v. Crouch*, 641

S.W.2d 86, 90 (Mo. banc 1982) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982)). Historically, the alternate method of objecting to personal jurisdiction was to enter a "special appearance" that was limited to challenging personal jurisdiction. *State ex rel. White v. Marsh*, 646 S.W.2d 357, 359 (Mo. banc 1983). Any action taken inconsistent with the claim of want of jurisdiction, "some overt act constituting a general appearance, by virtue of which the defendant submits himself or itself to the jurisdiction of the court", was deemed to be waiver of the defense. *State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62, 66 (1956).

■ With the advent of the Civil Code of 1943, however, as well as the present Rules of Civil Procedure based on the code, the strict requirements for challenges to personal jurisdiction were relaxed, so that now a party has the ability to challenge personal jurisdiction in conjunction with other defenses. *State ex rel. Antoine v. Sanders*, 724 S.W.2d 502, 503–04 (Mo. banc 1987). Thus, not only is objecting by way of a "special appearance" no longer required, but it "serves no useful purpose." *Marsh*, 646 S.W.2d at 361. Presently, Rule 55.27[1] addresses the defense of lack of personal jurisdiction. The rule states, in pertinent part:

> Every defense, in law or fact, to a claim in any pleading, ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> * * *
>
> (2) Lack of jurisdiction over the person;
>
> * * *
>
> A motion making any of these defenses shall be made:
>
> (A) Within the time allowed for responding to the opposing party's pleading, or
>
> (B) If no responsive pleading is permitted, within thirty days after the service of the last pleading.
>
> * * *
>
> If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to the claim for relief.

Rule 55.27(a); *see F.A. Chapman v. Commerce Bank of St. Louis*, 896 S.W.2d 85, 86 (Mo.App. E.D.1995). Further, Rule 55.27(g)(1) provides, in relevant part:

> A defense of lack of jurisdiction over the person ... is waived (A) if omitted from a motion in the circumstances described in subsection (f) [which allows for consolidation of motions] or (B) if it is neither made by motion under this Rule nor included in a responsive pleading.

Although the present factual pattern would present an interesting question of whether Mr. McGrain waived the defense,[2]

---

1. All rule references are to Missouri Rules of Civil Procedure (2001) unless otherwise indicated.

2. *Compare Sola v. Bidwell*, 980 S.W.2d 60, 65 (Mo.App. W.D.1998) ("when [the defendant] filed his entry of appearance, he became a participant in the case, free to contest personal jurisdiction. As a participant, he was bound by the Rules of Civil Procedure, which require personal jurisdiction objections to be lodged within the time allowed for a responsive pleading.... [The defendant] did not file his motion challenging the court's personal jurisdiction within the time provided by the

we are not required to determine that issue. The record is perfectly clear as to the justification chosen by the circuit court in exercising *in personam* jurisdiction over Mr. McGrain when it entered the default judgment on July 21, 2000:

THE COURT: So what we have pending before us this morning is the Motion for Default Judgment?

MR. HICKLIN [counsel for Mr. Lovenduski]: Yes.

THE COURT: Do you have evidence?

MR. HICKLIN: Judge, with the affidavit in support of it that I filed with my motion, which I would offer to The Court.

THE COURT: What's the basis of the jurisdiction, Mr. Hicklin?

MR. HICKLIN: That the transaction occurred in the State of Missouri. The defendant is a nonresident who resides in the State of New York, but the jurisdiction is because the transaction occurred in the State of Missouri.

Once the document was marked as Plaintiff's Exhibit Number 1, counsel for Mr. McGrain noted that the affidavit was signed in Monroe County, New York, and the court admitted the exhibit. Immediately thereafter, the following was said:

THE COURT: Do you have any other evidence Mr. Hicklin?

MR. HICKLIN: Your Honor, with no pleading, then all of the allegations of the petition are deemed admitted, including the jurisdictional allegations.

THE COURT: The Court finds that all allegations of the Plaintiff's Petition on Loan/Breach of Contract filed April the 20th, 2000, are deemed admitted.

The Court's received in evidence the Affidavit in Support of Default Judgment, Plaintiff's Exhibit Number 1.

And based upon the evidence, judgment is entered for plaintiff and against defendant. . . .

Thus, prior to entering the Default Judgment, consent by waiver was not considered as a basis for personal jurisdiction over Mr. McGrain. Rather, it is unmistakably clear that the circuit court based its determination on long-arm jurisdiction, which brings us to Mr. McGrain's first point on appeal. Quite simply, he argues that the circuit court lacked personal jurisdiction. He suggests that the trial court lacked personal jurisdiction over him because Mr. Lovenduski's petition and affidavit failed to establish that Mr. McGrain had contracted in Missouri or that he had sufficient minimum contacts with Missouri, and because Mr. McGrain, a New York resident who had been in Missouri only once for a meeting unrelated to the lawsuit, signed an affidavit which showed that he had not engaged in any activity enumerated in § 506.500.

 Determining whether the assertion of personal jurisdiction is proper requires both a determination of whether the action arose out of an activity covered by § 506.500 or Rule 54.06 and whether there were sufficient minimum contacts with the State of Missouri to satisfy due process requirements. *See Angoff v. Marion A. Allen, Inc.*, 39 S.W.3d 483, 486 (Mo. banc 2001). A court may consider affidavits, oral testimony, or depositions. *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318

rules. Therefore, he waived any challenge he may have had to the court's jurisdiction over his person.") *with Sanders*, 724 S.W.2d at 504 ("The general rule, however, remains in force. The challenge to venue must be made at the first opportunity, and will be waived by taking

steps relating to the merits of the case before the objection to venue is presented.") (citations omitted) (noting that "the defenses set out in subparagraph (2), (3), (4) and (5) of Rule 55.27(a) are of essentially the same quality and subject to the same legal principles.")

(Mo. banc 2000). The only evidence presented here was an affidavit. A trial court considering affidavits may believe or disbelieve any statement contained therein, and it has discretion in making factual determinations. *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997) (quoting *Quelle Quiche v. Roland Glass Foods*, 926 S.W.2d 211, 213 (Mo.App. E.D.1996)).

▮ Unfortunately for Mr. Lovenduski, "[t]he proper function of an affidavit is to state facts, not conclusions." *Conway*, 12 S.W.3d at 318. Whether the transaction occurred in Missouri is a conclusion, and a legal one at that. Although a contract wholly performed in Missouri might have been sufficient to have conferred personal jurisdiction, *see State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner*, 677 S.W.2d 325, 327–28 (Mo. banc 1984), the affidavit did not contain sufficient detailed facts for this court to conclude that the "transaction" falls within one of the subsections of either § 506.500 or Rule 54.06. The record does not suggest beyond the nebulous statements. of the petition and Mr. Lovenduski's affidavit what transaction occurred in Missouri, the nature of the transaction that occurred, when the transaction occurred, or how Mr. McGrain participated in the transaction. Even at oral argument, counsel for the parties were unable to elaborate, so the court continues to wonder.

▮ The determination of the jurisdictional issue is for the trial court in the first instance, but the sufficiency of the evidence to make a prima facie showing that the trial court may exercise personal jurisdiction is a question of law, which we review independently on appeal. *Weicht v. Suburban Newspapers of Greater St. Louis, Inc.*, 32 S.W.3d 592, 600 (Mo.App. E.D.2000). Clearly, with so many unanswered questions, Mr. Lovenduski's bare

assertion that the transaction occurred in the state, and nothing more, was insufficient for the court to determine that it could exercise long-arm jurisdiction. Section 506.500 provides, in relevant part:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

(4) The ownership, use, or possession of any real estate situated in this state;

(5) The contracting to insure any person, property or risk located within this state at the time of contracting;

(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

\* \* \*

3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Rule 54.06 contains substantially the same provisions.

▮ "To demonstrate that the action arose out of an activity covered by this statute, a plaintiff must make a prima facie showing of the validity of its claim." *Conway*, 12 S.W.3d at 318. Although not required to prove all of the elements that

form the basis of the defendant's liability, a plaintiff must show that the acts contemplated by the statute took place. *Id.* Here, Mr. Lovenduski has made no showing whatsoever that the acts contemplated by the statute took place. Based on our review of the transcript at the hearing on the Motion for Default Judgment, quoted *supra*, we are left with the impression that the court determined that personal jurisdiction existed because the petition alleged and the Affidavit swore that the "transaction occurred" in Missouri.

The statute provides that long-arm jurisdiction exists due to "(1) The transaction of any business within this state; [or] (2) The making of any contract within this state." § 506.500.1, RSMo 2000; *see* Rule 54.06. While both subsections read together might be very loosely translated to mean that long-arm jurisdiction exists where a transaction occurs in the State of Missouri, Mr. Lovenduski had the burden of establishing long-arm jurisdiction by showing that Mr. McGrain engaged in an activity contemplated by the statute. Because it was not presented with such intricate facts, *see Farris v. Boyke*, 936 S.W.2d 197, 203 (Mo.App. S.D.1996), we cannot see how the circuit court could have concluded that the long-arm statute was satisfied.

Additionally, the limits imposed by the Fourteenth Amendment further contained the circuit court's ability to exercise personal jurisdiction. Due process requires that the defendant have minimum contacts with the state so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Conway*, 12 S.W.3d at 318 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Missouri courts consider five factors when ascertaining whether there are sufficient minimum contacts by the defendant: "1) the nature and quality of the contact; 2) the quantity of those contacts; 3) the relationship of the cause of action to those contacts; 4) the interest of Missouri in providing a forum for its residents; and 5) the convenience or inconvenience to the parties." *Conway*, 12 S.W.3d at 318. Again, this court is left to guess as to any of the five factors. We are not inclined to engage in speculation as to how the lower court considered any of these factors because the record does not reasonably suggest the nature and quality of Mr. McGrain's contact. Thus, not only does the record fail to establish that the suit arose out of an activity enumerated in § 506.500 or Rule 54.06, but it also failed to show that there are sufficient minimum contacts to satisfy due process.

Therefore, the record contains insufficient information for this court to evaluate the propriety of the circuit court's exercise of personal jurisdiction over Mr. McGrain.

## CONCLUSION

For the foregoing reasons, we are unable to determine whether the trial court properly exercised personal jurisdiction over Mr. McGrain. Accordingly, the decision of the trial court is reversed and remanded for further proceedings consistent with this opinion. We direct the trial court to determine whether there are sufficient minimum contacts with Missouri for the court to acquire personal jurisdiction over Mr. McGrain. The trial court is also directed to liberally grant leave to amend the petition so that Mr. Lovenduski will be allowed to address the concerns raised in regard to § 506.500 and Rule 54.06. Rule 55.33(a).

HAROLD L. LOWENSTEIN, Judge and JAMES M. SMART, Jr., Judge, concur.