Todd PIERCE, Plaintiff–Respondent,

v.

ASSOCIATED TAX RELIEF, INC., Defendant–Appellant.

No. SD 29495.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 30, 2009.

Susan R. Warren, Portagevile, MO, for Appellant.

Wendell L. Hoskins, II, Scot C. Allen, Caruthersville, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

■ Todd Pierce ("Respondent") brought suit against Associated Tax Relief, Inc. ("Appellant"), for conversion and unjust enrichment; he received a default judgment for the entire amount requested as actual damages, $6,900, plus $25,000 in punitive damages. The judgment did not indicate on which ground the court granted a judgment. Approximately two and a half weeks later, Appellant brought a motion to set aside the default judgment. The trial court heard arguments on the motion and ordered that Appellant be given ten days to "supplement Motion to Set Aside to allege an[y] meritorious defenses [Appellant] may have." The court ultimately denied Appellant's motion finding that good cause was shown, but Appellant "failed to offer proof of a meritorious defense as required by Rule 74.05(d)."[1] Appellant brings three points on appeal. We find no merit and affirm.

Missouri appellate courts have traditionally afforded significant deference to the circuit court's decision to set aside a default judgment because of the public policy favoring the resolution of cases on the merits and the "distaste our system holds for default judgments." *Continental Basketball Ass'n v. Harrisburg Professional Sports Inc.*, 947 S.W.2d 471, 473 (Mo.App.1997), quoting, *Gibson by Woodall v. Elley*, 778 S.W.2d 851, 854 (Mo.App.1989). Rather than applying the *Murphy* standard applied to court-tried cases, appellate courts have generally applied an abuse of discretion standard in determining whether the trial court erred in setting aside a default judgment. *Bell v. Bell*, 849 S.W.2d 194, 197 (Mo.App.1993); *Klaus v. Shelby*, 42 S.W.3d 829, 831 (Mo.App.2001); *CBD Enterprises, Inc. v. Braco Manufacturing, Inc.*, 181 S.W.3d 129, 131 (Mo.App. 2005). Broad discretion is afforded to trial court decisions granting motions to set aside a default judgment while the trial court has narrowed discretion in decisions denying a motion. *Hopkins v. Mills–Kluttz*, 77 S.W.3d 624, 626 (Mo. App.2002). Such deference has been afforded whether the evidence supporting the motion to set aside the default was presented through exhibits and affidavits or through live testimony. *See Beckmann v. Miceli Homes, Inc.*, 45 S.W.3d 533, 542 (Mo.App.2001) (applying abuse of discretion standard where the motion to set aside a default judgment was supported solely by affidavit).

*Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686–87 (Mo. banc 2007).

The party moving to set aside the default judgment has the burden to prove good cause for setting aside the judgment. *In re Marriage of Pierce*, 867 S.W.2d 237, 238 (Mo.App.1993). "Good cause" is defined under Rule 74.05(d) as including "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Great Southern Savings & Loan Assoc. v. Wilburn*, 887 S.W.2d 581 (Mo. banc 1994).

*Id.* at 688.

■ Appellant first contends that it was not required to state a meritorious defense because the motion was filed within thirty days of the entry of the default judgment and, under Rule 75.01, Appellant was only

---

1. All rule references are to Missouri Court Rules (2008), unless otherwise specified.

required to show "good cause" to set aside the judgment. Appellant argues that Rule 75.01 provides that the trial court retains control over its judgments during the 30–day period after the judgment and may, for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Because Appellant's motion was heard within the thirty days, Appellant argues that Rule 75.01 controls and that Appellant did not have to show a meritorious defense.

Appellant cites to *Young v. Safe–Ride Services,* 23 S.W.3d 730 (Mo.App. W.D. 2000), *overruled on other grounds by McElroy v. Eagle Star Group, Inc.,* 156 S.W.3d 392, 401 (Mo.App. W.D.2005), for the proposition that a motion filed within thirty days is controlled by Rule 75.01. *Young,* however, does not assist Appellant. The court in *Young,* did not reach the issue of whether Rule 75.01 or Rule 74.05(d) controlled the resolution of the matter because the "identical element of 'good cause'" was present under both rules. *Id.* at 732. There was no question in *Young* as to the "meritorious defense" requirement contained in Rule 74.05. *Id.* In the present case, the issue is whether Appellant stated a meritorious defense in its motion to set aside the default judgment.

In contradiction to Appellant's claim, Respondent directs us to our decision of *In re Marriage of Coonts,* 190 S.W.3d 590 (Mo.App. S.D.2006). In *Coonts,* we directly addressed the issue of whether a motion to set aside a default judgment, filed before the underlying default judgment becomes final, is an after-trial motion or an independent action. *Id.* at 601. We held that a motion to set aside a default judgment is an independent action pursuant to Rule 74.05(d). *Id.* at 603–04. Our decision is further buttressed by Appellant's own motion, which was brought pursuant

to Rule 74.05(d) and not as an after-trial motion for a new trial. Appellant did not raise this argument to the trial court. "We will not consider arguments not raised below and made for the first time on appeal." *Hagan v. Buchanan,* 215 S.W.3d 252, 257 (Mo.App. W.D.2007). Appellant's first argument fails.

■ Appellant next contends that the trial court erred in finding that a meritorious defense had not been established because an affidavit provided by Appellant establishes a defense for conversion. Specifically, Appellant contends that Respondent consented to the transfer of funds and, further, that the Petition does not allege facts that would constitute conversion because conversion lies only for a specific chattel that has been wrongfully converted and, therefore, a claim for money may not be asserted in conversion. Rule 74.05(d) provides: "Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside." We note that Appellant did not make either of these claims in its motion to set aside the default judgment. The motion contained no reference to any type of meritorious defense. The trial court allowed defendant additional time to "supplement Motion to Set aside to allege an[y] meritorious defenses [Appellant] may have," but Appellant did not do so. Instead, Appellant filed an affidavit of a Bich Nguyen. Mr. Nguyen did not contend in the affidavit that Respondent had failed to state a claim for conversion as a meritorious defense or that Respondent consented to the transfer of funds when the funds were actually taken, although Respondent contended the initial authorization was rescinded.

A party satisfies the requirement [of a meritorious defense] if he or she sets forth allegations which, if supported by

evidence, would defeat or adversely affect the plaintiff's claim. Whether the evidence is credible is to be determined *after* the default judgment is set aside at a subsequent trial on the merits. *Pyle v. FirstLine Transp. Sec., Inc.,* 230 S.W.3d 52, 60 (Mo.App. W.D.2007) (internal citations omitted). To satisfy the meritorious defense requirement for setting aside a default judgment, the party seeking to set aside the judgment need only make a showing of an arguable theory of defense. *Id.*

Although in this Court, Appellant contends that the withdrawal of funds from a bank account does not constitute a conversion because a general debt will not give rise to an action in conversion, nor is the misappropriation of money a conversion, Appellant did not raise the issue at the trial level. As stated above, we will not consider an argument that was not raised below. *Hagan,* 215 S.W.3d at 257. Appellant failed to allege any meritorious defenses pursuant to Rule 74.05(d). Point II is denied.

In its final point, Appellant contends that the funds were earned at the time they were paid to Appellant in accordance with the terms of the parties' agreement and Respondent may not seek recovery under a quasi-contract theory of unjust enrichment when the parties have a valid contract. Appellant argues that the parties had an express contract. The second claim of point three is that even if unjust enrichment is a viable claim, the affidavit supplied by Appellant establishes a meritorious defense. There is no merit to Appellant's third argument and no need to address any claimed error as the court clearly implied in the judgment that Respondent prevailed in the conversion claim when it awarded the amount requested for conversion and awarded punitive damages. Point III is denied.

We find no abuse of discretion in the denial of the motion to set aside the default judgment; the judgment is affirmed.

SCOTT, C.J., LYNCH, P.J., concur.